## ARGUED AND DETERMINED

### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

## AT MILLEDGEVILLE,

### MAY TERM, 1850.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~

No. 55.—THOMAS P. ELKINS, plaintiff in error, *vs.* WILLIAM H. EDWARDS, defendant.

[1.] When a creditor takes a mortgage to secure the payment of a promissory note, and the remedy on the latter is barred by the Statute of Limitations, his remedy, on the mortgage, is not necessarily barred—the debt being unpaid—but the creditor may avail himself of the statutory remedy to foreclose his mortgage, in satisfaction of his debt.

Motion for foreclosure of mortgage. Tatnall Superior Court, October Term, 1849. Decided by Judge HOLT.

This was an application to foreclose a mortgage upon land; resisted on the ground that the notes, to secure which, the mortgage was given, were barred by the Statute of Limitations. The Court held, that the action on the notes being barred, there was no remedy upon the mortgage, and dismissed the petition for foreclosure. The correctness of this decision is the only question involved in this cause.

R. M. CHARLTON, for plaintiff in error, cited—

*Bank of Metropolis vs. Guttschlich,* 14 *Pet.* 32. *Thayer vs. Mann,* 19 *Pick.* 535. *Miller vs. Helm,* 2 *Smedes & Marshall,* 697. 5 *Ib.* 651. 1 *Bland. Ch. Rep.* 281. 1 *Comstock,* 500.

*Cole vs. Saxby,* 3 *Esp. R.* 81, 160. 1 *Ala.* (*N. S.*) 743, '4. *Rigby vs. Great Western R. R. Co.* 14 *Meeson & Welsby,* 815, '16. *Angel on Lim.* 486, 488, 490. 6 *Ga. Rep.* 170. 3 *Bingh.* 329. *Bell vs. Morrison,* 1 *Peters,* 351. 3 *Johns. Ch.* 218. 13 *East.* 439. 2 *Barn. & Ad.* 413. *Prince's Dig.* 228, '9, 423, '4.

Schiley and Jenkins, for defendant in error, cited—

*Green vs. Hart,* 1 *Johns.* 580. *Jackson ex dem. Barclay vs. Blodget,* 5 *Cow.* 202. 7 *Wend.* 94. *Hotchkiss,* 621, '2, 542.

Judge Nisbet, being indisposed, did not preside in the first four cases decided at this term.

*By the Court.*—Warner, J. delivering the opinion.

[1.] When a mortgage has been taken, to secure the payment of a promissory note, and the remedy on the note is barred by the Statute of Limitations, is the remedy on the mortgage also barred ? We think not, for the reason, that the creditor stipulated, by contract, for two remedies against his debtor, to enforce the collection of his demand. One remedy was by suit upon the note, and having obtained judgment for the amount of the note, such judgment would bind all the property of the defendant. The other remedy was upon the mortgage, by petition and foreclosure, in the manner pointed out by the Statute. By this latter remedy, the creditor can sell the mortgaged property, in satisfaction of his debt. The creditor may pursue both remedies at the same time, until he obtains satisfaction of his debt. Although the remedy on the note may be barred, after the expiration of six years, yet, the *debt is not extinguished.* Suit may be maintained on a new promise to pay, and the note given in evidence as the *consideration* of such new promise.

Because the remedy on the note is barred by the Statute in six years, it does not follow that the creditor's remedy on the mortgage, being a sealed instrument, is also barred. The creditor's remedy on the mortgage is not barred until twenty years—the debt being unpaid. If the debt, or duty, is still owing, the creditor may adopt any lawful and appropriate remedy, for its en-

forcement.   See *Miller vs. Helm*, 2 *Smedes & Marshall's Rep.* 697.   *Doe ex dem. Duvall's heirs vs. McLosky*, 1 *Ala. Rep.* (*N. S.*) 744.

Let the judgment of the Court below be reversed.