(September 14, 1881.)

## SCHNEIDER v. HUSSEY.

### [1 Pac. 343.]

PASSAGE OF ACT—APPROVAL BY GOVERNOR—STATUTORY CONSTRUCTION.
The words "passage of the act" in a statute mean its approval,
or the time when the act takes effect.

ACTIONS—LIMITATIONS—BAR OF STATUTE.—An act limiting the time
within which an action may be commenced provided that causes
of action which had theretofore accrued might be commenced
within the whole time allowed by the statute after its passage.
*Held*, that the bar of the statute did not begin to run until the
statute took effect.

LIMITATION OF ACTIONS—DOUBT RESOLVED IN FAVOR OF CREDITORS.—
It is a well-settled rule that when there is doubt as to the time
when the limitation of an action begins to run under a statute,
that construction must be given which is most favorable to the
common-law rights of the citizen.

APPEAL from District Court, Idaho County.   Affirmed.

J. Brumback, for Appellants.

Huston & Gray, for Respondents.

No briefs can be found on file with the record of this case.

MORGAN, C. J.—This action was brought on a promissory
note given by defendants to the plaintiffs, a copy of which ap-
pears in the complaint filed in the court below.   The note was
dated October 31, 1874, and was due on demand.   Suit was
commenced on the same, February 28, 1880.   Defendants plead
the statute of limitations.   Plaintiffs moved for judgment on
the pleadings, which motion was allowed by the court, and
judgment entered accordingly for the amount of the note, inter-
est, and costs.   From that judgment, defendants take an appeal
to this court.

The question whether this action was barred by the statute
of limitations depends upon the construction to be given to the
language contained in section 2 of said act, which states that
"when the cause of action has already accrued, the party entitled
and those claiming under him shall have, after the passage of
this act, the whole period herein prescribed in which to com-

mence an action"; which period, at the time of the commencement of this suit, was five years. The question is as to whether the words "passage of the act" mean when it is signed by the governor, or when by law the act goes into effect. The first section of the act of January 15, 1875, fixes the time when this act, among others, takes effect, which is July 1, 1875. It will not be contended that one section of an act will take effect or be in force at any earlier date than other sections unless the act itself shall so state. There is no clause in this act providing that this section shall take effect sooner than any other section of the same act. This section, therefore, and no clause of it, can take effect until the first day of July, 1875. The words "passage of the act," while they have a technical meaning which is well understood, in this connection and as used in the section referred to, must be held to mean the time when the act takes effect. Any other construction of the words would give life and action to this section before it can have any such life. The same construction of these words was given in the case of *Rogers v. Vass*, 6 Iowa, 408. The court there say: "A prominent objection made by the defendant is that the right of pre-emption was taken away by the act of 24th of January, 1857, which repealed all prior acts allowing a pre-emption on the swamp lands, but with a proviso saving all actual settlers on said lands at the time of the passage of the act. As the act was passed in January, and the petitioner began his improvement in June, the defendant insists that the former acquired no right of pre-emption, he not being a settler at the passage of the act. But the objection is not well founded. This, and similar expressions in statutes, has legal reference to the time of their taking effect. No other construction would be consistent with that requirement of the constitution, which provides that the laws shall be published before they take effect." It is also the well-settled rule of courts that when there is doubt as to the time when the limitation commences to run, that construction should be given which is most favorable to the enforcement of the common-law rights of the citizen.

The judgment of the court below is therefore affirmed.