## STORY *et al. v.* DORIS, administrator.

110  65
116  389
110  65
s122  614

1. A creditor can not, for the purpose of collecting a debt which has become barred by the statute of limitations, maintain against his debtor an action having for its object the enforcement of an equitable lien on land arising from an absolute conveyance thereof to the creditor and a contemporaneous parol agreement that he was to hold the title as security for the debt.

2. When in such a case the deed to the creditor was executed, not by the debtor himself, but by one from whom he had contracted to purchase the land, such conveyance can not be regarded as an instrument "in the nature of a mortgage" executed by the debtor himself and as such enforceable by foreclosure at any time within twenty years from the maturity of the secured debt.

3. The petition in the present case was not maintainable as an action for the recovery of land, nor as a proceeding to establish a copy of a lost deed.

Argued February 6, — Decided February 28, 1900.

Equitable petition. Before Judge Brinson. Richmond superior court. April term, 1898.

*Henry C. Roney, Leonard Phinizy,* and *J. S. & W. T. Davidson,* for plaintiffs in error. *P. J. Sullivan,* contra.

LUMPKIN, P. J. The bill of exceptions in this case presents for determination the question whether or not the court below erred in refusing to dismiss, on demurrers general and special, the petition of E. J. Doris, as administrator de bonis non of Patrick Doris, against Elizabeth Story, Albert H. Davidson, and others. The material allegations of the petition are, in brief, as follows: The defendant Albert H. Davidson is the executor of John S. Davidson, deceased, who was the executor of Albert H. Story. Said defendant is, therefore, the executor of said Story. In 1878 Story purchased from the City of Augusta a lot of which he at once took possession. He paid in cash the first instalment of the purchase-money. The balance thereof was subsequently paid to the city for Story by Patrick Doris, to whom the city conveyed the lot in 1879. Besides the sum thus advanced by Doris for Story, the latter was indebted to the former upon an open account, and it was agreed between the two that Doris should hold the deed as security for both debts, the total amount of which was $947.05. After the death of Doris, which occurred in 1880, Mary A. Doris became the administratrix of his estate. Story informed her of the facts in regard to the transaction between himself and her intestate, tendered to her the sum of $947.05 with interest, and demanded that she make him a deed to the lot. She declined to do so, for the reason that he had no bond for titles, and because she was advised that she had no authority to make the conveyance without an order of court. In 1882 Story filed an equitable petition against the administratrix, admitting therein his indebtedness to the estate of Patrick Doris, and praying that upon payment of the same she be decreed to convey the lot to him. That petition was never brought to trial, but was stricken from the

docket, apparently for want of prosecution, the record not, how-
ever, disclosing that any formal order of dismissal was ever en-
tered.   Mary A. Doris died after the filing of that petition.
David Graham qualified as her executor, and was discharged
from his trust as such in 1888.   He knew nothing of the debt of
Story to Patrick Doris, or of the pendency of Story's petition.
Story died in 1884, in possession of the lot, without having paid
any portion of his indebtedness to Doris, and the same has never
been paid.   The deed from the city to Patrick Doris was never
recorded, and is not in the possession of E. J. Doris, the pres-
ent petitioner.   He attaches a copy admitted to be true and cor-
rect by Story in his lifetime.   The prayers of his petition, be-
sides those seeking an injunction to prevent a sale of the lot, the
appointment of a receiver to take charge of it pendente lite, and
"all other special and general relief to which petitioner may be
entitled," were (1) that a copy of the deed be established, "if
it appears that the same is lost or destroyed;" (2) that the title
to the lot be decreed to be in Patrick Doris, or his legal represen-
tatives, as security for the debt of $947.05, with interest there-
on; (3) "that if the court should decree that the said deed from
the City Council to Patrick Doris was in the nature of a mort-
gage, that the same be foreclosed for $947.05 and interest;" (4)
that petitioner have a decree for $947.05 and interest "to be
made out of land hereinbefore described."   The main special
ground of demurrer was, that the plaintiff's petition showed on
its face that his cause of action was barred by the statute of
limitations.   We think this ground was well taken, and that the
petition ought to have been dismissed.

1. Treating the petition as a plain action upon the two de-
mands aggregating $947.05, the bar of the statute certainly at-
tached.   While the petition filed by Story in 1882 might very
fairly be regarded as a "written acknowledgment of [an] ex-
isting liability," and therefore the "equivalent of a new promise
to pay," it can scarcely be doubted that, in view of the facts above
recited, the right to sue was gone long before March 5, 1898,
when the present suit was commenced.   It seems equally clear
that if the petition be regarded as one for the enforcement of a
special lien upon the land, it was not maintainable.   The plain-

tiff's right to enforce his alleged equitable lien necessarily de-
pended upon whether he had a standing in court upon his main
cause of action. If it was dead, the lien was lifeless. It is a
fundamental and well-settled principle that no one can have an-
cillary relief who is not entitled to the principal relief to aid in
obtaining which the ancillary relief is prayed. The plaintiff in
the present case was seeking the enforcement of an alleged
equitable lien, for no other purpose than to enable him to collect
a debt which, in legal contemplation, could not be recognized as
a valid and subsisting liability of the defendant. We entertain
no doubt that a naked equitable lien of this kind can not be
made available to such an extent as this. It must either have
some inherent force of its own, or be based upon a claim having
such a characteristic. Otherwise, we would have the anomaly
of granting ancillary relief to one who was not entitled to any
relief upon the very alleged cause of action in aid of which the
ancillary relief was invoked. A legal right which is absolutely
dead can no more be vitalized by resorting to a remedy which
would have made it productive while in life, than a dead tree
can be resuscitated and made to bear fruit by applying to it
treatment the timely employment of which would have kept it
alive and vigorous.

2. Seemingly, the plaintiff's counsel recognized the force of
what has just been suggested; for, as will have been observed,
he took the pains to insert a prayer that if the court should de-
cree that the deed to Patrick Doris "was in the nature of a
mortgage," the same be foreclosed, etc. While equity looks
rather to substance than to form, and will usually lend its aid
to a due enforcement of what parties to contracts actually in-
tend, it would be going a great length to hold that the transac-
tion between Story and Doris, evidenced in part by the deed
and in part by the oral agreement they made in connection with
its execution, was the equivalent of a statutory mortgage from
Story to Doris. While the debt of Story was yet a living de-
mand, it might have been the right of Doris to make available
the security afforded by the deed and such agreement; but when
that debt became barred, the parol contract that the deed should
be held by Doris as security could hardly be given the force and

effect of a written instrument under the hand and seal of Story.

The ruling of this court in *Elkins* v. *Edwards,* 8 *Ga.* 325, to the effect that a mortgage, regular upon its face and reciting that it was given to secure the payment of a promissory note, might be foreclosed after the note had become barred by the statute of limitations, was distinctly based upon the proposition that the mortgage was a sealed instrument, the remedy upon which was not barred till after the lapse of twenty years from the maturity of the debt thereby secured. The principle of the decision in the case just cited is now embodied in section 2735 of the Civil Code, which reads as follows: "That the note or other evidence of debt is barred does not prevent the creditor thereafter availing himself of the mortgage or other security." Even under this statutory provision, no one would hold that a mortgage could be foreclosed after the expiration of the twenty years, or that the "other security" (such, for instance, as a promissory note deposited as collateral to secure the payment of an open account) could be made available after the right of action upon it had become barred. Patrick Doris held no mortgage executed by Story. At most, he had only the equivalent of what might be termed an oral mortgage. There was nothing in writing or under seal to bind Story. His entire undertaking was in parol, and there was no promise on his part to which the limitation of twenty years could by any sort of straining be made applicable. This being so, the attempt to foreclose the city's deed as if it had been a mortgage under seal executed by Story—granting that such a thing would in any event have been allowable—was necessarily futile, for under all the other legal limitations the plaintiff's case was unquestionably barred.

3. The position was taken in the argument here that the petition might be retained in court as an action of ejectment. It does not, either in allegation or prayer, remotely resemble such an action. The most astute mind would not conjecture that the pleader had in contemplation the preparation of a petition designed to effect a recovery for the plaintiff of the city lot; and even the prayer for "all other special and general relief," etc., would not justify any court in holding that this was a suit for land. See *Peek* v. *Wright,* 65 *Ga.* 638, 642.

It is scarcely necessary to add that the action was not maintainable as a proceeding to establish a copy of a lost deed. There is no allegation that the deed in question was in fact lost, and the dubious prayer relating to this matter was only incidental to the main relief sought. Moreover, the City Council of Augusta, the alleged maker of the deed, was not a party to the case.

The court erred in not dismissing the action.

*Judgment reversed. All the Justices concurring.*