DUKE *et al. v.* STORY *el. al.,* executors.

A security deed which does not refer in any way to the debt to secure which it. was given, or furnish any evidence of its existence, can not be foreclosed as an equitable mortgage, and a money judgment obtained thereon, if the obligation secured by the deed is barred by the statute of limitations.

Argued October 6, — Decided October 29, 1902.

Complaint for land. Before Judge Russell. Jackson superior court. January 14, 1902.

*Strickland & Green* and *W. I. Pike,* for plaintiffs in error, cited,. on the question dealt with in the decision, 110 *Ga.* 65; 88 *Ga.* 191;. 87 *Ga.* 415; 72 *Ga.* 739; 49 *Ga.* 340; 15 *Ga.* 1; 8 *Ga.* 325;. 15 N. Y. 505; 28 Ill. 44, s. c. 81 Am. Dec. 259.

*H. H. Perry* and *C. B. Henry,* contra, cited Civil Code, § 2735;. 110 *Ga.* 65; 104 *Ga.* 101; 73 *Ga.* 389, (1), (3); 65 *Ga.* 273; 8 *Ga.* 325; 78 *Ga.* 202, 209; 73 *Ga.* 398; 57 *Ga.* 601; 78 *Ga.* 789;. 66 *Ga.* 704; 61 *Ga.* 419; 60 *Ga.* 590; 58 *Ga.* 510; 57 *Ga.* 201;. 3 Pom. Eq. 1196, 1227, 1229; 9 Wheat. 489; 14 Peters, 19; 90 U. S. 119; 28 W. Va. 388; 97 N. C. 127; 21 L. R. A. 550; 17 Fla. 607, s. c. 35 Am. R. 103–6; 5 Burr. 2628; 75 Cal. 271; 4 Cush. 559; 145 Mass. 503; 3 Esp. 81; 2 Barn. & Adol. 413; 13 Am. &. Eng. Enc. L. (1st ed.) 704; Id. (2d ed.) 787, 788; 11 Id. (2d ed.) 226, 227.

ADAMS, J. The executors of Mary E. Long proceeded against. Duke for the possession of certain real estate described in their petition. Subsequently the defendant's wife, who, according to his

answer, claimed the property, was made a party defendant by amendment, without objection, and the petition was amended (also without objection) so as to pray for a money judgment against the land described in the deed from the original defendant to the plaintiffs' testatrix, upon the ground that this deed was given to secure a note given by the defendant to the testatrix. This instrument did not refer to the obligation in any way. Upon its face it is an absolute deed, and recites a consideration of $600. The statute of limitations was pleaded, on the ground that the note secured by this deed was barred, and, this being so, the deed could not be foreclosed as an equitable mortgage and a money judgment obtained thereon, whatever may be the rights of the plaintiff in the court below under the declaration as originally framed. This plea was not sustained in the charge of the court or by the verdict of the jury, and the defense indicated is made in the motion for new trial and the bill of exceptions in this case.

We are constrained to sustain the defense. It seems to us that the case is substantially covered by the decision of this court in the case of *Story* v. *Doris*, 110 *Ga.* 65. We do not think that the law which permits a mortgage to be foreclosed at any time within twenty years, notwithstanding the bar of the debt secured by the mortgage, applies; because the mortgage, as required by the code, "specifies the debt to secure which it is given." A mortgage, therefore, furnishes written evidence, under the hand and seal of the mortgagor, of the existence of the debt against the property specified, and its foreclosure is within the terms of the specialty agreement.

We have not been able to find any authority that requires another conclusion from that reached in this case. Hughes v. Edwards, 9 Wheat. 489, involved the foreclosure of a mortgage. Lewis v. Hawkins, 90 U. S. 119, is a case where the vendor of lands gave a bond for titles and took purchase-money notes from his vendor, and it arose in a State where the vendor's lien was recognized. It was held that a discharge in bankruptcy of the purchaser, while it would relieve him from paying the notes, would not give him title to the land, and that the vendor could proceed notwithstanding the bar of the statute of limitations as to the notes. Some of the observations of the court may seem to sustain the defendant in error, but they can not be followed, in view of the adjudication of this court referred to above and our conclusion as to the law in

Georgia. In Criss *v*. Criss, 28 W. Va. 388, the trust deed involved plainly described the debt and the fact that the deed was given to secure the same. This is also true of the case of Arrington *v*. Roland, 97 N. C. 127, and that of Bank *v*. Guttschlick, 14 Pet. 19. The case of Browne *v*. Browne, 17 Fla. 607, 35 Am. Rep. 96, also cited by the defendants in error, involved the foreclosure of a mortgage which described the debt; and the court in its opinion quotes with approval the following language of the Court of Appeals in the case of Borst *v*. Corey, 15 N. Y. 510: "The action to foreclose a mortgage is brought upon an instrument under seal, which acknowledges the existence of the debt to secure which the mortgage is given; and by reason of the seal, the debt is not presumed to have been paid until the expiration of twenty years after it becomes due and payable. The six years' limitation has no application to a mortgage. In fact all instruments under seal are expressly excepted therefrom." The Florida court also quotes with approval the decision of this court in the case of *Elkins* v. *Edwards*, 8 *Ga*. 326, where, through Judge Warner, the court answers in the negative the following question: "When a mortgage has been taken to secure the payment of a promissory note, and the remedy on the note is barred by the statute of limitations, is the remedy on the mortgage also barred?" The significant answer to the question is as follows: "We think not, for the reason that the creditor stipulated, *by contract*, for two remedies against his debtor, to enforce the collection of his demand. One remedy was by suit upon the note, and having obtained judgment for the amount of the note, such judgment would bind all the property of the defendant. The other remedy was upon the mortgage, by petition and foreclosure, in the manner pointed out by the statute." (Italics ours.)

The Civil Code, § 2735, which provides that the fact "that the note or other evidence of debt is barred does not prevent the creditor thereafter availing himself of the mortgage or other security," is referred to by counsel for the defendants in error with special emphasis on the words "or other security." This section appears in the present code for the first time, and is codified from the decision in 8 *Ga*., above cited, and from that in the case of *Reid* v. *Flippen*, 47 *Ga*. 273, the latter case being to the effect that mere delay by a creditor to sue the principal debtor until the bar of the statute of limitations has attached as between them does not dis-

charge the security if he has been sued in time.   The words "or other security" will therefore be read in the light of the decisions of this court from which they are codified, and will be presumed to go no farther than this court has hitherto gone, unless a different construction is required.   The section can be applied in its entirety, and be thoroughly consistent with the ruling now made. Besides, the note and deed in this case were made in 1882, and the remedy then provided for the creditor was that specified in the Code of 1882, §§ 1969 et seq.   The law then provided that "when any judgment shall be rendered in any of the courts of this State upon any note or other evidence of debt, which such conveyance of realty was made and intended to secure, it shall and may be lawful for the vendee to make and file, and have recorded in the clerk's office of the superior court of the county wherein the land lies, a good and sufficient deed of conveyance to the defendant for said land."   This was the special remedy of procedure, although the right existed under the law as it then stood, and exists as it now stands, for the creditor, armed with an absolute deed, to recover the land by an action of ejectment, unless the debtor sets up in his defense the fact that the deed was given as security for a debt, and pays or tenders payment of the debt, assuming, of course, that the deed is not tainted with any invalidity.   We mean to say that the note and security deed in this case were given under the law as it existed at the time they were given, and there was certainly nothing in the law inconsistent with the view now announced.   Indeed, the provision just quoted from the Code of 1882, § 1970, with reference to the special remedy given in this class of cases, suggests that the note or other evidence of debt must be in life, or a judgment might not otherwise be obtainable.   Counsel for the plaintiffs in error have cited decisions of other States which sustain the proposition that this security deed can not be foreclosed and a money judgment obtained thereon if the note be barred, but we need not refer to them here.   There is nothing in the foregoing inconsistent with the right of defendants in error to proceed under their original declaration, so far as the statute of limitations is concerned.   A party can not hold land against his absolute deed conveying title out of himself, upon the ground that the obligation which it is given to secure is barred by the statute of limitations.

*Judgment reversed.   All the Justices concurring, except Lumpkin, P. J., absent.*