## SIMMERSON v. HERRINGDINE.

1. The clerk of the trial court having transmitted to the Supreme Court a certified copy of a brief of evidence approved by the judge and ordered filed as a part of the record on the day when the bill of exceptions was certified, a motion to dismiss the writ of error, on the grounds that the evidence is not incorporated in the bill of exceptions or attached thereto and identified, and that at the time the bill of exceptions was certified no brief of evidence was legally approved and filed, is overruled.

2. A bill of exceptions containing no specification of material record, except a brief of the evidence hereto "attached as exhibit A" (no such exhibit being attached in fact), is amendable, on motion, by specifying the material parts of the record, including the brief of evidence so approved and ordered filed.

3. Filing of a petition to foreclose a mortgage, with issuance of rule nisi, unless followed by timely service, can not be treated as the commencement of the suit on the date of filing, so as to prevent attachment of the bar of limitation.

4. One who purchased the mortgaged property before the petition to foreclose was filed and the rule nisi issued, and who was not a party to that proceeding, was not bound by the judgment of foreclosure, and could set up its invalidity, and the bar of limitation, on the trial of his claim interposed on levy of execution from that judgment.

No. 6305.    MARCH 14, 1928.

Claim. Before Judge Park. Hancock superior court. September 30, 1927.

On June 10, 1896, Nancy E. and F. M. Simmons executed to E. N. Ennis Jr. a mortgage upon a described tract of land, to secure their note for $134.97, payable March 7, 1897, with interest at eight per cent. The mortgage described the land as forty-three acres of land lying in the 117th district G. M. of Hancock County, and bounded as follows: on the north by lands of Mary A. Sanders, east by Mrs. N. P. Shivers, south by Sallie Pinkston, and west by Sallie Herringdine. On March 6, 1917, Mrs. J. G. Herringdine filed her petition to foreclose said mortgage. She alleged that the mortgage and the note thereby secured were duly transferred by the mortgagee to J. G. Herringdine for value received, and that they were duly transferred to petitioner by J. G. Herringdine for value received. At the March term (March 6), 1917, of the superior court a rule nisi was taken, directing the mort-

Appeal and Error, 4 C. J. p. 316, n. 25; p. 485, n. 1.

Limitations of Actions, 37 C. J. p. 703, n. 19; p. 752, n. 69; p. 1057, n. 82, 85.

Mortgages, 42 C. J. p. 165, n. 10.

gagors to pay into court, by the first day of the next term, the principal, interest, and costs due on said note and mortgage, or upon default thereof foreclosure of the mortgage would be granted. The proceeding to foreclose was afterwards stricken from the docket of the court by error. At the September term, 1919, an order was taken reciting this fact, and reinstating the case. During the same term the plaintiff filed her petition in which she alleged that since the institution of said proceeding service of the rule nisi was never obtainable and was never had upon the mortgagors; that Nancy E. Simmons died on July 19, 1919, and F. M. Simmons died in June, 1915. She prayed that an order be taken suggesting their deaths, and averred that at the succeeding term she would apply to make parties defendant therein. On September 27, 1919, the court passed an order directing that the representatives of the defendants be made parties to said proceeding and served with a copy of the original petition and rule nisi. On March 27, 1925, the proceeding was dismissed for want of prosecution. On March 28, 1925, an order was taken reciting that the case had been inadvertently dismissed, and that it be fully reinstated in its former standing and position on the docket of the court.

On March 6, 1922, J. A. Wood was appointed and qualified as administrator of each of the defendants. On February 26, 1926, an order was passed making the administrator a party. On March 22, 1926, the administrator acknowledged service of the petition and rule nisi. On September 27, 1926, a judgment foreclosing said mortgage was rendered. On December 8, 1926, the execution issued on said judgment was levied upon the land embraced in the mortgage. On January 3, 1927, Jesse Simmerson filed his claim to this land. In his claim affidavit he alleged that he purchased this land from Nancy Simmons on January 11, 1912, and had been in adverse possession thereof ever since; that he had Nancy Simmons to make the deed thereto to the Exchange Bank of Milledgeville; that on April 7, 1915, said bank made deed to him to said land; and that he had been in adverse possession of said land under said deed since its date. He further set up that the mortgage was barred by the statute of limitation at the time of foreclosure and service, and as against him was void; that said land was never the property of F. M. Simmons, and was no part of the estate of Nancy Simmons at the time of her death, she having parted with

the title as above stated; and that the mortgage was void for the reason that it was given to secure a debt of F. M. Simmons, the husband of Nancy E. Simmons.

The case was submitted to the trial judge to pass upon all questions of law and fact without the intervention of a jury. Plaintiff introduced the mortgage execution and the foreclosure proceedings. J. G. Herringdine testified substantially as follows: Plaintiff is his wife. Knew Nancy and F. M. Simmons. They were husband and wife. F. M. Simmons died in 1915, and Nancy Simmons died in 1919. Is familiar with the land in controversy. F. M. Simmons never owned any interest therein. This land was a part of the estate of the father of Nancy Simmons. Each of his children received forty-three acres in the division of his estate, and the land levied upon was the forty-three acres that Mrs. Simmons received in the division. She was in possession of the land at the time the mortgage was given. Up to 1912 Nancy Simmons and her husband lived on this land. Claimant is now in possession. It was transferred by E. N. Ennis to witness, and by witness transferred to his wife. Both of these transfers were in writing. Administration was taken out upon the estate of F. M. Simmons and Nancy Simmons for the purpose of foreclosing this mortgage.

The claimant testified as follows: Am in possession of the land levied on; have been in possession since 1912. Knew Nancy and F. M. Simmons. Bought the land from Nancy Simmons. F. M. Simmons was present and familiar with the trade and transaction. Had title to the land placed in the Exchange Bank in 1912 when I bought it, and this deed executed in 1912 from Nancy Simmons to the Exchange Bank is the deed which she executed to me. I then paid the Exchange Bank, and the Exchange Bank conveyed the land to me by this deed in 1915. I have been in possession of the land ever since its purchase in 1912 under these deeds. These deeds convey the land in controversy. Have been in actual, adverse possession of this land since 1912 under these deeds. Have placed improvements thereon, built fences and repaired the houses, and paid the taxes on the land since I bought it.

J. G. Herringdine, recalled, testified: The description of the land in the deeds is not the same as that of the land levied on, and they do not describe the land levied on. The land described in the two deeds is the Sallie Herringdine lot. Jesse Simmerson

bought two parts of the land from two of the heirs of the Herring-dine estate. One of the tracts he bought belonged to my sister Sallie Herringdine, and the other brothers and sisters signed the deed to it. I signed it, and he paid me my part. He also bought 43 acres from my sister Nancy Simmons. These deeds do not contain a description of the land purchased by him from Nancy Simmons. Shè only got 43 acres of land from her father's estate. She got one seventh of forty-three acres as the heir of our sister. The 43 acres levied on is the only land she got as her portion of the estate of her father.

J. D. Godfrey, for the claimant, testified: I know the land levied on. It is the same land that Nancy Simmons received from her father's estate. It is the same land described in those deeds. Sim-merson has been in possession since he bought it in 1912. The lot in the deeds is the Sallie Herringdine lot and lies between the Nancy E. Simmons lot and another lot of the subdivision of the estate.

Claimant introduced: (1) Warranty deed dated January 11, 1912, recorded the next day, from Nancy E. Simmons to the Ex-change Bank, consideration $600, to land therein described as situate, lying, and being in the 117th Dist. G. M. Hancock Co., Ga., adjoining lands of R. L. Ray on the north, on the east by Sallie Pinkston, south by F. M. Simmons, and west by T. N. Willis, containing forty-three acres more or less, "the same being a portion and my distributive share of the estate of S. S. Herring-dine, deceased." (2) Quitclaim deed from the Exchange Bank to claimant, dated April 7, 1915, reciting a consideration of $600, and embracing the same land as that just described.

The claimant moved to rule out the execution, and to dismiss the levy, upon the grounds that the foreclosure proceeding was barred by the statute of limitations; and that the transfers of the mortgage were in writing and were not accounted for, and parol testimony was inadmissible to prove the transfers. The court over-ruled this motion, and, after hearing evidence and argument, rendered judgment against the claimant, ordering the levy to pro-ceed. The claimant excepted to each of the rulings stated.

The defendant in error moved to dismiss the writ of error, upon the grounds shown by the first division of the opinion. The plain-tiff in error moved to amend the bill of exceptions by specifying

the parts of the record necessary to a clear understanding of the errors complained of.

*Sibley & Sibley,* for plaintiff in error.

*Wright & McMillan,* contra.

HINES, J. 1. The motion to dismiss the writ of error upon the grounds that (a) the evidence is neither incorporated in the bill of exceptions nor attached thereto as an exhibit duly identified, (b) that the bill of exceptions does not contain the evidence, and (c) that at the time the bill of exceptions was certified there was in fact no brief of evidence legally approved and filed in the court below, is without merit, there appearing in the record a brief of the evidence duly approved by the court and ordered filed as a part of the record in the case.

2. The bill of exceptions specifies as material to a clear understanding of the errors complained of a brief of the evidence thereto attached as exhibit A. It contains no further specification of record. The plaintiff in error filed in this court his motion to amend the bill of exceptions so as to specify the parts of the record, including the brief of evidence approved by the court and ordered filed as a part of the record. "No writ of error shall be dismissed in the Supreme Court of this State, when, by an amendment to the bill of exceptions, which is hereby declared to be lawful and allowable, any imperfection or omission of necessary and proper allegations could be corrected from the record in the case." Civil Code (1910), § 6184; *Kelly* v. *McGehee,* 67 *Ga.* 364. The motion of the plaintiff in error is allowable; but as, the clerk of the court below has sent up a duly certified copy of the brief of evidence which was approved and ordered filed as a part of the record on the date the bill of exceptions was certified, we deem it unnecessary to pass an order allowing such amendment.

3. "That the note or other evidence of debt is barred does not prevent the creditor thereafter availing himself of the mortgage or other security," if he forecloses his mortgage within the proper time. Civil Code (1910), § 3268; *Elkins* v. *Edwards,* 8 *Ga.* 325. The creditor's remedy on a mortgage under seal is barred after twenty years. Civil Code (1910), § 4359; *Elkins* v. *Edwards,* supra; *Smith* v. *Downing Co.,* 21 *Ga. App.* 741 (6-c) (95 S. E. 19); *Story* v. *Doris,* 110 *Ga.* 65 (2) (35 S. E. 314); *Duke* v. *Story,* 116 *Ga.* 388 (42 S. E. 722); *Pusser* v. *Thompson,* 132 *Ga.*

280, 286 (64 S. E. 75, 22 L. R. A. (N. S.) 571). In a suit to foreclose a mortgage on land the filing of the petition in the clerk's office will be considered as the commencement of the suit, if service is duly perfected as required by law. But if no timely service is made, the mere filing of a petition and the suing out of a rule nisi will not suffice to authorize the action to be treated as commenced. Filing, followed by timely service, creates a pending suit from the date of filing; but if there is no such service, the process loses its vitality, and the time of filing the petition to foreclose the mortgage and the suing out of the rule nisi, in the absence of service, will not prevent the bar of the statute of limitations. *First National Bank* v. *Dukes,* 138 *Ga.* 66 (74 S. E. 789); *McFarland* v. *McFarland,* 151 *Ga.* 9 (2) (105 S. E. 596).

The debt secured by the mortgage having matured on March 7, 1897, and service of the petition and process to foreclose the mortgage not having been made until February 26, 1926, although the petition was filed on March 6, 1917, one day before the statute attached, the mortgage was barred when service was perfected, which was in legal contemplation the commencement of the foreclosure proceeding.

4. One who purchases mortgaged property prior to the commencement of statutory proceedings to foreclose the mortgage, and who is not a party to such proceedings, is not bound by the judgment of foreclosure, and may, when the mortgage fi. fa. is levied, go behind the judgment and show that the mortgage was barred by the statute of limitations. *Williams* v. *Terrell,* 54 *Ga.* 462; *Osborne* v. *Rice,* 107 *Ga.* 281, 285 (33 S. E. 54). The judgment of foreclosure was void as against the claimant, who purchased from one of the mortgagors before the petition to foreclose was filed and the rule nisi sued out; and he could set up the invalidity of the judgment in the claim case.

Applying the above principles, the court below erred in not sustaining the claim.

         *Judgment reversed. All the Justices concur.*