(No. 5464.   July 12, 1930.)

THE VOLLMER CLEARWATER COMPANY, LTD., Appellant, v. GEORGE HINES, Respondent.

[290 Pac. 397.]

Tannahill & Leeper and R. E. Durham, for Appellant.

P. W. Mitchell, for Respondent.

McNAUGHTON, J.—This is an action upon a promissory note. The due date of the note was October 1, 1922, and on that date the cause of action accrued. The complaint was filed and this action was begun on the twenty-seventh day of October, 1927, five years and twenty-seven days after the note became due. The limitation is five years unless tolled.

The only defense interposed is the statute of limitations.

Plaintiff pleads a letter received by it and signed by the defendant, dated March 30, 1926, in which it is claimed defendant recognized the debt. Plaintiff also pleads a payment made by defendant on March 13, 1923, and relies upon this letter and this payment each as tolling the statute.

The trial court found that the letter contained no promise or implied promise to pay and was insufficient to toll the statute.

The trial court also found that part payment on the note was made March 13, 1923, but concluded that the statute relied upon by plaintiff, to wit: C. S., sec. 6631, as amended by chap. 49 of the Laws of 1923, did not apply; holding that the payment having been made before the amendment took effect, the section as amended did not apply.

Plaintiff appealed and specifies the ruling of the trial court above referred to as error. We shall consider the second point first.

Chapter 49, Laws of 1923, is amendatory of C. S., sec. 6631. The amendatory part is in italics. The amended section reads:

"Section 1. That Section 6631 of Chapter 250 of the Compiled Statutes of Idaho be, and the same is, hereby amended to read as follows:

"Section 6631. No acknowledgment or promise is sufficient evidence of a new or continuing contract by which to take the case out of the operation of this title, unless the same is contained in some writing, signed by the party to be charged thereby; *but any payment of principal or interest is equivalent to a new promise in writing, duly signed, to pay the residue of the debt.*

"Sec. 2. All acts and parts of acts in conflict herewith are hereby repealed.

"Approved February 24, 1923."

There was no emergency clause and the act did not become effective until after the date of payment in question. In passing on this point we are confronted with the duty of construing this amendment to our statute of limitations. We must decide whether the intent of the legislature as expressed was that the statute as amended should apply immediately on its becoming effective to all causes of action, and all payments made on account of indebtedness, or only as to payments made thereafter, or causes of action accruing thereafter.

The courts are not in harmony on rules of construction applied to new statute of limitation, or those lengthening or shortening the limitation. Some courts hold that to apply such a statute to causes of action existing at the time the statute becomes effective is to give the statute a retrospective effect, and should be avoided in the absence of a clear expression requiring such application. The Colorado court has

adopted this rule. (*Jones v. O'Connell,* 87 Colo. 103, 285 Pac. 762.)

Other courts in considering the doctrine against giving statutes a retrospective interpretation find no reason for applying the rule to legislation not effecting substantive rights, such as statutes of limitation or other purely remedial statutes, and they hold limitation statutes are meant to apply to all actions begun subsequently unless a different intent appears. (*Sansberry v. Hughes,* 174 Ind. 638, 92 N. E. 783.)

This court has recognized the rule against retroactive or retrospective statutes, especially in respect of substantive rights; and in *Peavy v. McCombs,* 26 Ida. 143, 140 Pac. 965, 969, Judge McCarthy, speaking for the court, said:

"It should be borne in mind that (Sess. Laws 1913) chap. 58 is a remedial statute, or one relating to procedure. It does not impair any existing right or indebtedness, but simply relates to the method of procedure which shall be followed in paying an indebtedness. The provision of sec. 101 of chap. 58 that the county auditor shall furnish the board with a statement of the amount of outstanding warrants for the current year and for prior years also enforces the conclusion that the legislature did not mean to confine the operation of the law to warrants issued after the law went into effect. We conclude that the legislature, when enacting sec. 99 of chap. 58, intended to make it apply to all warrant indebtedness irrespective of whether the warrants were issued before or after that chapter went into effect, that there is no rule of law which prevents or inhibits such construction, and that such construction should be placed upon the statute."

In an early case this court announced the following rule concerning statutes of limitation:

"It is a well-settled rule that when there is doubt as to the time when the limitation of an action begins to run under a statute, that construction must be given which is most favorable to the common-law rights of the citizen." (Syllabus, *Schneider v. Hussey,* 2 Ida. 8, 1 Pac. 343.)

It is universally recognized that the purpose of statutes of limitation is only to prevent action on claims stale as being dormant for the period of limitation. Part payment is inconsistent with the idea that the claim is dormant at the time such payment is made. That such was the thought back of the amendment to C. S., sec. 6631, seems compelling. Further, the language of the amendment is not in the future tense. It is not, "payment . . . . *shall be* equivalent," but it reads, "payment *is* equivalent to a new promise in writing." We think the legislature did not mean to limit the amendment to payments thereafter made, or causes of action thereafter accruing. We see no grounds for so interpreting the statute.

We think this amendment, from its purpose and phraseology, was meant by the legislature to apply, with the rest of the section, to all actions thereafter brought. The statute, being purely remedial, this construction denying no substantive right or accrued remedial right, violates no rule of law in this jurisdiction.

We must therefore hold in this case that under C. S., sec. 6631, as amended by chap. 49, Laws of 1923, the payment in question was equivalent to a new promise in writing of the date of the payment, and tolled the statute to that date.

Having arrived at the conclusion that the payment tolled the statute of limitations under C. S., sec. 6631, as amended, it is unnecessary to consider the other point raised by appellant.

The judgment is reversed, with directions to the trial court to enter judgment in accordance with the views herein expressed.

Costs to appellant.

Givens, C. J., and Budge, Lee and Varian, JJ., concur.