KIRKPATRICK *et al. v.* FAW, executor.

26

No. 11014. JANUARY 16, 1936. REHEARING DENIED MARCH 24, 1936.

*H. B. Moss,* for plaintiffs in error.

*John H. Boston* and *Morris & Welsch,* contra.

BECK, Presiding Justice. E. L. Faw, as executor of an estate, brought suit against Nettie Kirkpatrick and Anna Kirkpatrick to recover possession of land to which the plaintiff claimed title. The plaintiff's abstract of title showed that in March, 1906, about twenty-eight years before the bringing of the suit, the defendants and another person executed and delivered to the plaintiff a warranty deed conveying the land sued for. The defendants filed their answer, and a demurrer on the ground that the deed showed on its face that it was given as security for a promissory note, and the note or a copy was not attached to the petition, and there was no allegation that the note had not been paid. The court overruled the demurrer, and on the trial of the case directed a verdict for the plaintiff. The defendants excepted and brought the case to this Court, where the judgment overruling the demurrer was reversed. *Kirkpatrick* v. *Faw,* 180 *Ga.* 764 (180 S. E. 727). Before that judgment was made the judgment of the superior court, the plaintiff, on July 13, 1935, filed an amendment alleging that the deed relied on as showing the plaintiff's title was given by the defendants and their sister, now deceased, to secure a loan, and that though long past due it had never been paid. The plaintiff attached a copy of the note dated March 8, 1906. The defendants objected to this amendment, and demurred to the petition as amended, on the grounds that the note, which was the basis of the alleged indebtedness to secure which the deed was executed, was barred by the statute of limitations, having been executed more than twenty years before the petition was filed; and that for a similar reason the security deed was barred. This demurrer the court overruled, and the defendants excepted.

When this case was previously before this court, it was held that the superior court should have sustained the general demurrer, holding: "The abstract of title attached to the petition in the

present case, and expressly made a part thereof, showing that the warranty deed which the plaintiff relied on was given to secure a loan, and it not being alleged that the debt was due and unpaid, no right of entry upon the land sued for was shown; and the court erred in overruling the general demurrer on the ground that the petition did not set forth a cause of action." After that decision and before the remittitur was made the judgment of the court below, the plaintiff filed an amendment, alleging in substance that the note and the debt to secure which the deed in question was given had never been fully paid, and attached to the amendment a copy of the note, dated March 8, 1906, showing entries of a number of credits. This note was barred by the statute of limitations, it having matured more than twenty years before the bringing of the suit; and the plaintiffs in error insist that the deed given to secure it is likewise barred. There is no merit in this contention. When the plaintiff filed the amendment to which was attached a copy of the note, and showed that the debt for which the deed had been given as security had not been paid, a cause of action was stated. Merely that the debt itself was barred by the statute of limitations, and that there was a failure to allege that the debt had not been paid, was not a sufficient reason for refusing to allow an amendment alleging that the debt had not been paid. There was enough to amend by. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, shall be enough to amend by. The jurisdiction of the court·may be shown and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration shall omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Code, § 81-1302. "Enough to amend by in matter of substance, in aid of an incomplete cause of action, is the least amount of substance in a declaration which will serve to show that, according to the original design of the pleader, what is offered to be added rightly belongs to the cause of action which he meant to assert, and that the addition proposed would make the cause of action complete. There must be a plaintiff, a defendant, jurisdiction of the court, and facts enough

to indicate and identify some particular cause of action as the one intended to be declared upon, so as to enable the court to determine whether the facts proposed to be introduced by the amendment are part and parcel of that same cause." *Ellison* v. *Ga. R. Co.*, 87 *Ga.* 691 (13 S. E. 809). Payment of the debt was the only defense that could be set up against the suit as brought to recover possession of the land.

This court in several cases has shown the distinction between a proceeding to foreclose in equity a deed given as security for a debt and a proceeding to recover possession of land by virtue of a deed given to secure a debt, but which also conveys the title to the land. In *Doris* v. *Story*, 122 *Ga.* 611 (50 S. E. 348), it was said: "Where A contracted with B for the purchase of a lot of land and paid the first instalment, and C, at A's request, paid the balance of the purchase-money, and B, by A's direction, made C an absolute fee-simple deed to the land, it being agreed between C and A that C should hold the title as security for the payment by A to C of the sum paid by C, C got a good title subject to be divested only by the payment of the debt thus secured. . . In the trial of such a suit the fact that C's debt against A for the balance of the purchase-money was barred by the statute of limitations would make no difference, as the action was not predicated upon the debt, but upon the right to recover the land under C's title. Nor was the action by the heirs of C a stale demand, as there is no law in this State which prevents the true owner of land who has the legal title from bringing a suit for its recovery at any time." Again it was said: "When Doris paid the last instalments on the land to the City Council of Augusta and it made him the fee-simple title thereto, he became the owner of the land and had the full and legal title. The agreement between him and Story made the deed in the nature of a security deed. Doris's title was good against the world and Story, but was subject to be divested, under the arrangement between them, by Story's paying the debt which he owed Doris, and thereby redeeming the land. . . As long as the legal title remains in Doris, or his heirs, and there is no better title in the persons in possession, the holder of the legal title is entitled to recover the possession of the land; and that is true whether the consideration of the deed was to secure a debt or to secure the purchase-money for the land. Nor was the suit

upon a 'stale demand,' as contended by counsel. There is no law in this State which prevents the person holding the legal title to land from suing for and recovering it, as long as the legal title remains in him. He may remain inactive for more than twenty years, if he so desires, and still bring an action relying upon his legal title, and he can recover unless a better title is shown against him, or the defendant's title has ripened by prescription." In *Shumate* v. *McLendon,* 120 *Ga.* 396 (48 S. E. 10), it was held that a security deed conveys the absolute title; and it was also said in that case: "There never has been a time, since the security deed made its appearance, when a subsequent judgment creditor of the grantor could lawfully levy upon the land prior to redemption; and as long as the debt secured, or any portion of it, remained unpaid, the land was unredeemed. Redemption could be accomplished only by payment, and payment in full. Lapse of time, even to the extent that all legal remedies of the creditor would be barred, would not operate as a redemption of the land and revest the title in the grantor or his heirs. *Duke* v. *Story,* 116 *Ga.* 388 (42 S. E. 722). Until the debt is actually paid, and paid in full, the legal title remains vested in the grantee; and if he is the owner of the debt, it remains vested in him for his own benefit."

In *Blalock* v. *Thomas,* 176 *Ga.* 407 (168 S. E. 13), it was held that an action like the instant case is not predicated on the debt, but on the legal title to the land and on the right of possession of the persons holding that title. Several other cases might be cited where the rulings are to the same effect. The statute of limitations is not applicable to actions to recover land, and there are no facts in this case showing title by prescription or otherwise in the defendants. Nothing in what we have here ruled is contrary to what was decided in *Pusser* v. *Thompson,* 132 *Ga.* 280 (64 S. E. 75, 22 L. R. A. (N. S.) 571). That case was a proceeding to foreclose the security as an equitable mortgage, and in the cases which we have cited above this action is distinguished from cases like *Pusser* v. *Thompson,* supra.

*Judgment affirmed. All the Justices concur.*

Russell, C. J., and Hutcheson, J., concur in the result.