## SAMMONS *v.* NABERS, executrix, *et al.*

No. 12187. MAY 12, 1938.

*R. C. Whitman,* for plaintiff in error.  *M. F. Adams,* contra.

JENKINS, Justice.  1.  Judges of superior courts "may not exercise any power out of term time, unless the authority is expressly granted; but they may, by order granted in term, render a judgment in vacation."  Code, § 24-2622; *Sapp* v. *Williamson,* 128 *Ga.* 743, 749 (58 S. E. 447).  "The judges of the superior courts have authority . . to hear and determine, in vacation, all demurrers to petitions for equitable relief . .  on 10 days' written notice being given to the opposite party or his attorney, by either party, and by service with a copy of such demurrer." § 24-2616.  Judges of superior and city courts "have power to hear and determine, in vacation as well as in term time, without any order passed in term time . . all such . . matters as they now can hear and determine in term time, and which are not referred to a jury," provided that "at least 10 days' notice in writing" as to the time and place of application for such hearing is given to "the opposite party or his attorney." §§ 24-2618, 24-2619.  Without such notice or order passed in term time, in

accordance with these statutes, and in the absence of any waiver or estoppel, "a vacation hearing is coram non judice, and the judgment rendered thereat is void." *Lott* v. *Wood,* 135 *Ga.* 821 (70 S. E. 661).

2. Where the superior court entered an order overruling a general demurrer to an equitable petition, and the judgment was reversed by this court because of the omission in the petition of certain essential averments relating to the assignment to the plaintiffs of the security deed foreclosed as an equitable mortgage (*Sammons* v. *Nabers,* 184 *Ga.* 269, 191 S. E. 124), the plaintiffs were entitled to an opportunity to cure such defects by amendment, if they desired, before the petition became finally dismissed by an order making the judgment of this court the judgment of the trial court. Accordingly, where the remittitur was made the judgment of the superior court at chambers in another county and in vacation, without notice to the plaintiffs or their counsel and without any previous order in term as to such a hearing, and where the plaintiffs at the first term thereafter (see *Davis* v. *Bennett,* 158 *Ga.* 368, 123 S. E. 11; *Groves* v. *Hicks,* 179 *Ga.* 464, 176 S. E. 26) filed a motion to set aside the judgment on these grounds, the court did not err in granting the motion by an order passed in open court. This is true irrespective of whether or not such a judgment on a remittitur in a civil case, as distinguished from one in a criminal case (see Code, § 6-904; *Wiggins* v. *Tyson,* 114 *Ga.* 64 (2), 39 S. E. 865), was one which properly should be entered in term rather than in vacation unless there is a compliance with the sections stated as to hearings and judgments in vacation. The court did not err in allowing, at the time when its previous judgment was set aside, an amendment correcting the petition to accord with the previous decision of this court. ·

3. Even where the pleadings show on their face that a suit is barred by the statute of limitations, so that the defendant might take advantage of the statute by demurrer expressly invoking such a defense, the filing of a mere general demurrer setting up that no cause of action is stated, or that none is stated which can be enforced against the defendant, can not be taken as raising the defense of a bar by the statute of limitations. *Smith* v. *Central of Ga. Ry. Co.,* 146 *Ga.* 59 (90 S. E. 474); *Ayers* v. *Taylor,* 52 *Ga. App.* 534 (2) (184 S. E. 365). Accordingly, since the oral

motion to dismiss the amended petition in this case, upon the sole grounds that it "did not set out a cause of action," that "plaintiffs admitted in said petition that there did not exist any debt due by defendant to plaintiffs," and that "said petition showed on its face that there was no debt on which to foreclose said deed to secure debt," was in the nature merely of a general demurrer, it did not operate to invoke the special defense of the statute of limitations.

4. But even if such an oral motion could be construed as involving the statute of limitations, since it is true that the barring of a note or other evidence of debt by the statute does not prevent the creditor, if the debt be still owing, and the mortgage or other security for the debt be not itself barred, from proceeding by "any lawful and appropriate remedy" to enforce such mortgage or security, it follows that, even though remedies upon an unsealed promissory note may have been barred, the debtor might still proceed under a mortgage or other security for the debt, executed under seal, until after the lapse of twenty years. Code, § 67-116. *Elkins* v. *Edwards,* 8 *Ga.* 325, 326; *Story* v. *Doris,* 110 *Ga.* 65, 69 (35 S. E. 314); *Conway* v. *Caswell,* 121 *Ga.* 254, 257 (48 S. E. 956, 2 Ann. Cas. 269); *Duke* v. *Story,* 116 *Ga.* 388 (42 S. E. 722). These rules are applicable to a foreclosure as an equitable mortgage of a deed to secure debt. *Pusser* v. *Thompson,* 132 *Ga.* 280, 285 (64 S. E. 75, 22 L. R. A. (N. S.) 571). In stating the foregoing rule, it is unnecessary to determine whether the statute of limitations would operate as a bar, or what might be the rights and equities between the parties as to the unpaid debt, where a grantee in a security deed *more* than twenty years old does not proceed for a foreclosure of any lien, but brings merely an action of ejectment, since in the present case the proceeding is designated as an "equitable foreclosure" brought "in equity," prays for the setting up of a special lien on the land without a personal judgment against the debtor, and has no allegation or prayer appropriate to ejectment. See, however, *Story* v. *Doris,* supra; *Gunter* v. *Smith,* 113 *Ga.* 18 (38 S. E. 374), and cit.; *Atlanta, Knoxville & Northern Ry. Co.* v. *Barker,* 105 *Ga.* 534 (2), 542 (31 S. E. 452); *Dasher* v. *Ellis,* 102 *Ga.* 830, 833 (30 S. E. 544); *Paden* v. *Phœnix Planing Mill,* 140 *Ga.* 46 (78 S. E. 412); *Wofford* v. *Wyly,* 72 *Ga.* 863 (5, a-c), 872; *Polhill* v. *Brown,* 84 *Ga.* 338 (9,

10), 343, 344 (10 S. E. 921); *Kirkpatrick* v. *Faw*, 182 *Ga.* 25 (184 S. E. 855).

5. The running of the statute of limitations, among other statutory methods provided, may be avoided or suspended by "a new promise . . in writing, either in the party's own handwriting, or subscribed by him or some one authorized by him" (Code, § 3-901); or by "a payment entered upon a written evidence of debt by the debtor, or any other written acknowledgment of the existing liability," which "shall be equivalent to a new promise to pay" (§ 3-903). "The statute . . commences to run from the acknowledgment." *Comer* v. *Allen*, 72 *Ga.* 1, 14. "The term 'renewal,' as applied to promissory notes, means 'the re-establishment of the particular contract for another period of time.'" *Lowry National Bank* v. *Fickett*, 122 *Ga.* 489 (3), 492 (50 S. E. 396). If "a new promise is proven, the statute which applies to the original demand is the statute which governs" (*Dawson* v. *Godkins*, 28 *Ga.* 310), with the result that an unsealed written acknowledgment or recognition of an original obligation under seal "revives or extends [such obligation] for the period of time during which a sealed paper would run, which is twenty years." *Webb* v. *Carter*, 62 *Ga.* 415, 421. Under these rules, where, after the execution under seal in 1914 of the original deed to secure debt, now sought to be foreclosed in equity, it appeared without dispute at the trial that the debtor in 1927 executed to the plaintiffs an unsealed promissory note, not in extinguishment of the original security or debt, but only in renewal thereof (see *Farkas* v. *Third National Bank*, 133 *Ga.* 755, 756, 66 S. E. 926, 26 L. R. A. (N. S.) 496), even though this signed renewal note itself was barred as not having been under seal, it operated as a written acknowledgment of the original liability under seal, and suspended the running of the statute against the original security deed, so that the instant foreclosure in equity in 1936 was properly within the twenty-year period. It thus follows, that, even if the oral motion to dismiss the petition could have been taken as sufficient to raise the defense of the statute of limitations, the defendant was not entitled to prevail on the merits.

6. The essential averments of the amended petition having been proved without dispute, the court did not err in directing the verdict for only a special lien against the land covered by the

security deed; no personal judgment being sought, or proper, because of the previous discharge in bankruptcy of the defendant. *Judgment affirmed. All the Justices concur.*