ANNIE RUH

*v.*

MATIE C. DWIGGINS et al.

[Decided April 29th, 1910.]

Where a deed secured by a real estate mortgage was originally free from usury, the subsequent payment of a premium to secure an extension of time did not render it usurious, but the premium should be credited as a payment on the principal of the mortgage as of the time it was paid.

---

Heard on bill, answers, replications and proofs in open court.

*Mr. George Frankenstein* and *Mr. Randolph Perkins,* for the complainant.

*Messrs. Mabie & Maidment,* for the defendant Matie C. Dwiggins.

GARRISON, V. C.

This is a bill filed by the complainant to foreclose a mortgage given by Margaret F. Cornell to the Hudson River Realty Company, on the 9th day of December, 1905. By mesne transfers this mortgage became the property of the complainant and the land became the property of Matie C. Dwiggins. While the mortgage was in the possession and ownership of Charles F. Ruh, the father of the complainant, it became due, and he began to foreclose it. The principal of the mortgage was $5,000, payable in one year, with interest at six per cent., payable quarterly. Shortly after the foreclosure was begun, the defendant, through an agent, sought Charles F. Ruh, the then owner of the mortgage, and requested an extension. At that time, January 15th, 1908, I find that it was agreed between the parties that the defendant Dwiggins should pay $350 in cash to Charles F. Ruh, the owner of the mortgage, $50 of which was to pay the costs of the foreclosure suit (which was to be discontinued) and $300 of which was a bonus for the extension of the time of the payment of the mortgage, it being agreed that the mortgage should be extended to the 1st day of October, 1910.

Under the authorities, this payment made and received as a premium for the extension of the time of the payment of the principal of the mortgage, should be credited on the mortgage as of the time when the payment was made. *Laing* v. *Martin (Chancellor Runyon, 1875), 26 N. J. Eq. (11 C. E. Gr.) 93; Hutchinson* v. *Abbott (Chancellor Runyon, 1881), 33 N. J. Eq. (6 Stew.) 382.*

Since the original transaction was free from taint, the subsequent payment of the premium does not affect it. See cases collected in *Hann* v. *Dekater (Vice-Chancellor Bird, 1890), 20 Atl. Rep. 658,* to which add *Terhune* v. *Taylor (Chancellor Runyon, 1876), 27 N. J. Eq. (12 C. E. Gr.) 80.*

The result is that the complainant is entitled to a decree, the amount of which should be determined as follows, viz.: The principal and interest on this mortgage should be calculated to the 15th day of January, 1908, and from that amount should be taken the $300 paid at that time by the defendant upon the mortgage. The complainant is then entitled to interest at the rate provided in the mortgage upon the sum then reached down to the date of the final decree.

I will hear counsel at the time of settling the decree respecting the matter of costs.

The matter may be referred to a master, or may be brought on before this court by the parties upon notice.