Points Decided.

(June 21, 1919.)

ERICK OLSON, Respondent, v. HENRY CAUFIELD, as
Administrator of the Estate of JAMES O'HARA, De-
ceased, and BELZIMERE O'HARA, Appellants.

[182 Pac. 527.]

MORTGAGES — FORECLOSURE — INCLUSION OF TAXES PAID — INTEREST —
USURY—EVIDENCE—PROOF.

1.  The purchase from the county by a mortgagee of tax sale cer-
tificates and delinquency certificates is a payment of taxes within the
meaning of the latter term in a mortgage providing that it should
secure the mortgagee for any taxes paid by him on the mortgaged
property.

2.  The foregoing rule obtains notwithstanding the. taxes show
on the record as unpaid, for such certificates show on their face
that the county has received the sums due for the taxes therein
specified, and when introduced as evidence the certificates become
merged in the judgment of foreclosure.

3.  In supporting an allegation that a written obligation, honest
on its face, is really corrupt and usurious, all material circumstances
connected with its execution that tend to show its real nature may
be shown by parol.

4.  When a contract on its face discloses no appearance of usury,
it is presumed to have been made in good faith, and it is for the
party who alleges that a corrupt and usurious intent lurks behind
such a contract to prove the truth of his allegation.

5.  All the facts constituting usury should be proven with reason-
able certainty.  Evidence which creates in the mind nothing further
than a mere surmise, suspicion, conjecture or doubtful inference
that the transaction is usurious, or which is intrinsically improbable,
is insufficient.

6.  Whether or not a corrupt and usurious intent lurks behind a
contract, honest on its face, may be determined from all the sur-
rounding circumstances tending to show the real intent of the par-
ties and the true nature of the transaction.

7.  Where the evidence is conflicting and there is substantial evi-
dence to support a finding, it will not be disturbed.

8.  The defense of usury, in order to be available in an action
upon a contract, fair and honest on its face, and where none of the
instruments introduced in evidence disclose on their face usury with

respect to the contract sued upon, must be affirmatively plead in the answer. Otherwise evidence of usury sought to be introduced by the defense would not be responsive to any issue in the case, and would be inadmissible.

APPEAL from the District Court of the Second Judicial District, for Clearwater County. Hon. Edgar C. Steele, Judge.

Action to foreclose mortgages. Judgment for plaintiff. *Affirmed.*

Chas. L. McDonald and Clay McNamee, for Appellants.

"To render a transaction usurious, it is not necessary that excessive interest should have been actually taken or received; that the parties contracted for usurious interest is sufficient." (29 Am. & Eng. Ency. of Law, 483.)

F. E. Smith, John R. Becker and F. S. Randall, for Respondent.

In the case of a contract not usurious on its face, it is incumbent on the debtor or any other party seeking to set up a verbal agreement purporting to modify such written contract to specially plead such defensive matter in order that plaintiff may have a fair opportunity to prepare for trial and rebut such evidence. (39 Cyc. 1039, 1041, 1045, 1048.)

"When a transaction alleged to be usurious shows no usury on its face, evidence must be adduced fully to prove some corrupt device or shift to cover usury." (39 Cyc. 1056.)

BUDGE, J.—This is an action to foreclose two mortgages, covering the same property, given by James O'Hara, deceased, and Belzimere O'Hara, his wife, to respondent. The first was given on February 8, 1909, as security for a note of that date for $1,314, due January 1, 1912, bearing interest at the rate of 10 per cent per annum; the second was given on December 16, 1913, securing a note for $1,218.73, due December 16, 1914, which also bore 10 per cent interest until

maturity and 12 per cent thereafter. The defense with respect to both of the foregoing notes and mortgages is usury.

Judgment was entered in favor of respondent for the principal sums included in the notes and mortgages, together with the accrued interest, costs, attorney fees, and certain taxes paid by respondent, and decreeing the foreclosure of the mortgages. This appeal is from the judgment.

We are met *in limine* with a motion to dismiss the appeal and a motion to strike appellants' brief from the files of this court. Both motions are denied.

At the trial no effort was made to introduce any evidence on the issue of usury as to the first mortgage and the only point relied upon by appellants affecting the first mortgage relates to the admissibility of a tax sale certificate for the 1912 taxes on the property covered by the mortgage, issued to respondent, for the sum of $29.87, and a delinquency certificate for the 1913 taxes on the same property for $29.45, assigned by the county auditor of Clearwater county to the respondent.

The right of respondent to recover for taxes paid by him on the mortgaged land is not questioned, but it is contended by appellants that while these certificates are outstanding, the taxes show on the record as unpaid, and that there is nothing to prevent respondent from assigning these certificates to an innocent purchaser, thus, in the event of a redemption from the mortgage sale, leaving the certificates still to redeem, although paid for in redeeming the property.

There is no force in this contention. The certificates show on their face that respondent has paid to the county the sums due for the taxes therein specified. The certificates were admitted in evidence and were merged in the judgment of foreclosure.

The consideration going to make up the amount, $1,218.73, specified in the second note and mortgage of December 16, 1913, consisted of unpaid interest which had accrued on the first note, certain obligations paid by respondent for and on behalf of the deceased, and additional money advanced. There is nothing on the face of the note or the mortgage which

would tend to indicate usury. But it is contended by appellants that, notwithstanding the rate of interest appearing upon the face of the note and mortgage is legal, there was an independent agreement between respondent and the deceased with respect to this second mortgage, made at the time the same was given, that in the event any of the interest thereon should not be paid when due, such interest should also draw interest, i. e., the interest should be compounded.

The testimony of respondent is to the effect that no agreement to pay compound interest was entered into, and that no compound interest was charged or collected. The only testimony in support of appellants' contention is that of Edwin O'Hara, a son of the deceased, who testified that he was present when deceased and respondent had a conversation over making the last loan, and that:

"They agreed then that the interest, that if he could not meet the interest after that, he was to pay interest on that, and he said if he would pay him the interest, he could take that interest and lend it out, and get money on that, and he thought he should receive that from us."

On cross-examination he testified as follows:

"Q. Was this mortgage made there at home, at the time of the conversation you have testified to?

"A. No, they had an understanding as to what they were going to put in the mortgage.

"Q. Were you present at the time the mortgage was executed?

"A. No.

"Q. Or the note?

"A. No.

"Q. How long ago was that conversation you have testified to?

"A. It would be four years ago this fall."

It is apparent from this witness' testimony that this conversation, if it ever took place, happened several days before the second note and mortgage were actually given. Whatever understanding respondent and deceased may have had with

reference to what they were going to put in the mortgage, it is apparent from the note and mortgage that no such provision for compound interest was ever included therein, and while it is true that:

"In supporting an allegation that a written obligation, honest on its face, is really corrupt and usurious, all material circumstances connected with its execution that tend to show its real nature may be freely shown by parol." (39 Cyc. 1054.)

It is also true that:

"When a contract on its face discloses no appearance of usury, it is presumed to have been made in good faith. And it is for the party who alleges that a corrupt and usurious intent lurks behind such a contract to prove the truth of his allegation." (39 Cyc. 1052; 13 C. J. 779.)

"The law requires that all the facts constituting usury should be proven with reasonable certainty. And evidence which creates in the mind nothing further than a mere surmise, suspicion, conjecture or doubtful inference that the transaction is usurious, or which is intrinsically improbable, is insufficient." (39 Cyc. 1054; 13 C. J. 779.)

The fact at issue in such cases may be determined by inference from all the surrounding circumstances of the case, tending to show the real intent of the parties and the true nature of the transaction in question. Every fact and circumstance in evidence in this case, other than the testimony above quoted as to a conversation had, if at all, some time prior to the actual consummation of the contract, argues strongly against any usurious element in the transaction. Respondent had carried the first loan for nearly five years without collecting any interest. Notwithstanding this, he paid out additional money for taxes on the property, paid up a number of deceased's outstanding obligations, loaned him additional money, and took a second mortgage on the property. There is certainly nothing which can be gleaned from these circumstances which would indicate any intention on the part of respondent to take any illegal advantage of the deceased.

Furthermore, upon conflicting evidence the court found that the allegation of usury was not supported by the evidence and was untrue, which finding, under the well-known rule of this court, will not be disturbed. We are satisfied that the court committed no error in finding against appellants on the issue of usury.

Although it appears that the case was tried upon the theory that the defense of usury went to both causes of action, we are constrained to observe that the answer does not even purport to allege usury with respect to the second note and mortgage.

While it was said by this court that "under our statutes it is not necessary to set up by plea the defense of usury" (*Cleveland v. Western Loan & Savings Co.,* 7 Ida. 477, at 480, 63 Pac. 885), and while C. L., sec. 1540, provides that: "If it is ascertained in any suit brought on any contract, that a rate of interest has been contracted for greater than is authorized by this chapter, . . . ." the court is to enforce the penalties therein prescribed, the rule announced in the latter case would only apply where the usurious nature of the contract appeared either upon the face of the pleadings or upon the face of instruments introduced in evidence. Where the contract is fair and honest on its face, the defense of usury must be pleaded affirmatively in the answer. Otherwise evidence outside of the contract, tending to show the usurious nature thereof, would not be responsive to any issue in the case, would be inadmissible, and there would be no means by which it could be ascertained that a rate of interest had been contracted for greater than is authorized by law.

The judgment is affirmed. Costs are awarded to respondent.

Morgan, C. J., and Rice, J., concur.