LAKE STREET SASH & DOOR COMPANY v. MARY V. VERIN
AND OTHERS.[1]

December 10, 1926.

No. 25,736.

**When maker of note cannot defend on ground of usury on part of his creditor.**

That a promissory note was sold at a usurious discount does not relieve the makers from their obligation if in fact they were not parties to the usury but received full value for their obligation.

Usury, 39 Cyc. p. 992 n. 37.

Defendants appealed from an order of the district court for Hennepin county, Bardwell, J., denying their motion for a new trial. Affirmed.

*Leonard, Street & Deinard,* for appellants.
*Kelly, Berglund & Johnson,* for respondent.

STONE, J.
Action on a promissory note, wherein after trial without a jury defendants appeal from the order denying their motion for amended findings or a new trial.

A very brief statement of the case is sufficient to show that the learned trial judge was right in finding against defendants on their one defense of usury. In December, 1923, Standard Home Building Company, a corporation, owed plaintiff $4,653.98. The claim was rendered secure by a mechanic's lien upon an apartment house property. At that time the defendants Verin were indebted to Mr. Gruesner, president of the Standard Home Building Company, in the sum of $5,000, which was part of the purchase price of certain real estate. Gruesner, being desirous of ridding the apartment house property of plaintiff's lien, proposed that the latter release the same, accept the $5,000 Verin note for $4,250, or at a discount of $750, and

[1]Reported in 211 N. W. 161.

permit the balance of the lien claim to stand on open account. That proposition was accepted and the note in suit taken directly by plaintiff as payee. It is secured by a second mortgage upon the premises purchased by the Verins from Gruesner. That property has since been conveyed to defendant Ida Gruesner by a deed whereby she as grantee assumed and agreed to pay the indebtedness. It is upon that assumption of the debt that she is joined as a defendant.

The record contains no proof there is no suggestion even, that the Verins did not get full value for their note. It is not claimed that plaintiff or Gruesner exacted from them or that they paid anything as a bonus, usurious or otherwise, for the forebearance of the money owing from them. The sole argument for the defense is that, inasmuch as it was agreed between Gruesner and plaintiff that the latter should take the note at a rate of discount in excess of the maximum legal rate of eight per cent, there was usury as a matter of law. We cannot so hold.

The fact that plaintiff surrendered its perfectly good lien and took in exchange a second mortgage, upon another property, might of itself make it difficult to sustain a claim of usury even if the issue arose between plaintiff and Gruesner, or his company, the Standard Home Building Company. But neither Mr. Gruesner nor his company is a party to the contract now in suit. So long as the Verins were neither subjected to the exaction of a usurious bonus nor parties to the promise of one, but on the contrary got full value for their obligation, they cannot defend simply because some third party may have used their obligation in a transaction of his own which was tainted with usury. No usury has been taken upon or by the note in suit. If we assume usury in the transaction between the Standard Company and Mr. Gruesner, the effect thereof must be confined to the contract whereby the usury was exacted. That contract is entirely independent of the one expressed by the note in suit, in the creation of which, the bare statement of facts indicates, there was no usury. For reasons indicated, the note is not within the condemnation of our statute against usury. G. S. 1923, §§ 7036-7038. In its inception in the doings between the Verins and the

Gruesners it was free from usury. Therefore it could not be invalidated by any subsequent usurious transaction in the perpetration of which it happened to be an instrument. Nichols v. Fearson, 7 Pet. 103, 8 L. ed. 623.

The cases urged upon us to the contrary are illustrated by Thompson v. Thompson, 8 Mass. 135; Gibson v. Fristoe, 1 Call (Va.) 54, 1 Am. Dec. 502; Zabriskie v. Spielman, 46 N. J. L. 35. In each one of them the usury was exacted of the defendant himself in the taking of the very obligation upon which he was sued. There is argument in Newman v. Williams, 29 Miss. 212, upon which appellants may legitimately depend. In its application to this case however that argument has little force, for the result in Newman v. Williams was to hold the defendants liable to the full extent of their obligation. The usurious interest which had been exacted by the plaintiff, the indorsee of their note, in taking it over from the payee, was decreed to the latter, who was a party to the suit.

So far as the defendant Ida Gruesner is concerned, she might be estopped even though there had been usury in the taking of the very note in suit. Scanlan v. Grimmer, 71 Minn. 351, 74 N. W. 146, 70 Am. St. 326; Alt v. Banholzer, 36 Minn. 57, 29 N. W. 674. Error is assigned because no specific finding was made with respect to the issue of usury. None was necessary, for the findings concerning the note, which established its validity, are a clear negation of usury. That is enough.

Order affirmed.