(No. 5017.   February 4, 1929.)

UNITED STATES BUILDING & LOAN ASSOCIATION,
a Corporation, Respondent, v. ANGELO LANZA-
ROTTI, FORTUNATA LANZAROTTI, P. A. DU-
FRESNE, GEM STATE LUMBER CO., a Corporation,
R. S. TURNER, E. C. WHITE CO., a Corporation,
and R. D. LEACH, as Receiver of E. C. WHITE CO.,
a Corporation, Defendants, P. A. DUFRESNE, Cross-
complainant and Appellant.

[274 Pac. 630.]

P. C. O'Malley, for Appellant.

H. R. Turner, for Respondent.

TAYLOR, J.—Plaintiff, United States Building & Loan Association, brought this action to foreclose a first mortgage on real estate in Bannock county, and pleaded that it was a foreign corporation existing under the laws of the state of Montana, and had complied with the constitution and laws of the state of Idaho to entitle it to do business in this state; that the note and mortgage were made, executed, and delivered at Pocatello, Idaho. The note was, so far as material, in the following language:

"For value received, I, we or either of us, promise to pay, in lawful money, to the order of the United States Building & Loan Association, a Montana corporation, at its office in Butte, Montana, the sum of Thirty Five Hundred Dollars, with interest thereon at the rate of six per cent per annum and one per cent premium per annum on the total principal sum until fully paid. Payments to be made in 108 equal monthly installments of ($52.83) each payable on the 10th day of each and every month, commencing with the month of March, 1923, each installment being a payment on the principal sum of ($3500.00) and ($2205.00) agreed interest and premium.

"If default shall be made in the payment of any of the aforesaid installments of principal, premium and interest upon the day the same becomes due and payable, all of the unpaid balance of principal, premium and interest accrued to date, shall at once become due and payable, without notice, at the option of the said United States Building and Loan Association and bear interest at the rate of twelve per cent per annum until paid."

The mortgage contained in substance the same material recitals as in the note.

The plaintiff alleged that there had been made thereon twenty-one monthly payments, of which $296.37 had been credited on the principal sum of $3,500, leaving a balance of principal due of $3,203.63; that the last payment having been made on the 17th of November, 1925, plaintiff was en-

titled to $3,203.63, with ten per cent interest from that date.

The defendant mortgagors defaulted. The defendant, appellant, Dufresne, holder of a second mortgage given by the same mortgagors, answered and, by affirmative allegations and cross-complaint asking foreclosure of his mortgage, pleaded usury involved in the plaintiff's note and mortgage, and demanded that all payments of principal and interest alleged by plaintiff to have been made by the mortgagors, be applied on the principal of its debt, and that the plaintiff recover only the balance after such application, and recover no interest.

The court found that the defendant, a second mortgagee, was not a party or so connected or related to the first mortgage or the parties thereto as to entitle him to raise the question of usury; that the first mortgage contract was not usurious; allowed the full amount claimed by the plaintiff, including interest, and an attorney's fee of $370.

Succinctly stated, the questions presented are: (1) Has the defendant second mortgagee the right to raise the question of usury? (2) Was the contract usurious? (3) If so, can the defendant cross-complainant enforce the application upon the principal debt of interest actually paid by the original mortgagors, under C. S., sec. 2554? (4) Did the court err in allowing $370 attorney's fees?

Under C. S., sec. 6357, the lien of a mortgage is special, unless otherwise expressed. C. S., secs. 6344, 6352 and 6353, provide:

Sec. 6344. "Where the holder of a special lien is compelled to satisfy a prior lien for his own protection, he may enforce payment of the amount so paid by him, as a part of the claim for which his own lien exists."

Sec. 6352. "Every person, having an interest in property subject to a lien, has a right to redeem it from the lien, at any time after the claim is due, and before his right of redemption is foreclosed."

Sec. 6353. "One who has a lien inferior to another, upon the same property, has a right:

"1. To redeem the property in the same manner as its owner might, from the superior lien; and,

"2. To be subrogated to all the benefits of the superior lien, when necessary for the protection of his interests upon satisfying the claim secured thereby."

C. S., sec. 6385, gives, as to a personal property mortgage, the right to "any person interested in so doing," to contest the "right of the mortgagee to foreclose, as well as the amount claimed to be due." To hold otherwise, as to a real property mortgage, would be to grant a right under a chattel mortgage not granted as to one upon real estate, although as to either, under C. S., sec. 6353, the junior lienor can redeem the same as the owner.

This court held in *Madsen v. Whitman*, 8 Ida. 762, 71 Pac. 152, that a mortgage given to secure a loan upon which usurious interest was contracted for, was security for the principal of the loan, but did not secure the interest. There is no difference in principle between the law then in force (R. S., sec. 1266) and the present statute (C. S., sec. 2554) as to the forfeiture of interest upon which that holding was based.

In *Ford v. Washington National Bldg. & Loan Inv. Assn.*, 10 Ida. 30, 109 Am. St. 192, 76 Pac. 1010, it was held that the defense of usury may be pleaded by anyone claiming under and in privity with the borrower.

Effect could hardly be given to the statutes quoted above without holding that a junior mortgagee could contest an usurious contract lien in the same manner as the owner of the property might. It is plain that one holding an inferior lien, who may redeem from the superior lien and be subrogated to all the benefits of the superior lien under C. S., sec. 6353, or is compelled to satisfy a prior lien for his own protection and may enforce the amount so paid by him as a part of the claim for which his own lien exists (C. S., sec. 6344), must have the right to contest the amount claimed, including any usurious claim, and have it ascertained what amount is lawfully secured by the first mortgage which he must pay or tender in redemption or satisfaction. Otherwise, to secure such redemption, subro-

gation or satisfaction, he might be compelled to pay to the prior lienholder an usurious claim and amount, which thereafter, when he sought to enforce it, might be in that part defeated by the mortgagor because usurious. The court erred in denying appellant this right.

We have here a foreign corporation which alleges its compliance with the constitution and laws of this state to entitle it to do business in Idaho, the note and mortgage executed by people in Idaho, delivered in Idaho, secured upon Idaho land. This corporation was doing business in Idaho, which implies the establishment of a known place of business. (Const., art. 11, sec. 10; C. S., sec. 4773.)

It is said in *Olson v. Caufield*, 32 Ida. 308, 182 Pac. 527, that whether or not a corrupt and usurious intent lurks behind the making and expressions of a contract, may be determined from all the surrounding circumstances and the true nature of the transaction. This court stands committed to the rule that "this being purely an action *in rem*, and the enforcement of the claim being only maintainable in Idaho," it cannot "be contended that the intention of the parties was that the laws of" Montana "should obtain in the construction of the contract." (*Vermont Loan & Trust Co. v. Hoffman*, 5 Ida. 376 (392), 95 Am. St. 186, 49 Pac. 314, 37 L. R. A. 509. See, also, *Fidelity Savings Assn. v. Shea*, 6 Ida. 405, 55 Pac. 1022.)

Courts cannot ascribe to a transaction such as here an intent to make the note payable in another state to control the rate of interest, as an innocent intent, when it is considered that a resident corporation would not be permitted to make such a contract solely for the purpose of making the interest legal under the law of the foreign state where it was to be paid. To give such a right or privilege to the foreign corporation, would be violative of the spirit of section 10, article 11, of the constitution, which provides that foreign corporations shall not exercise or enjoy greater rights or privileges than domestic corporations. (*Washington National Bldg., Loan & Inv. Assn. v. Stanley*, 38 Or. 319, 84 Am. St. 793, 63 Pac. 489 (495), 58 L. R. A. 816; *American Surety Co. v. Blake*, 45 Ida. 159, 261 Pac. 239.)

*Utah State National Bank v. Stringer,* 44 Ida. 599, 258 Pac. 522, may be plainly distinguished as a case in which the note was made, executed and delivered in Utah, payable in Utah, and to be construed by the laws of Utah. *Zimmerman v. Brown,* 30 Ida. 640, 166 Pac. 924, is as plainly distinguishable from the present case as it was therein from *Vermont Loan & Trust Co. v. Hoffman, supra.* The note and its interest provisions must be construed under Idaho laws.

Computed by recognized standard tables of interest on a ten per cent basis, monthly payments of $49.28 at the end of each month would retire the loan of $3,500, and ten per cent interest, in 108 months. The loan, with $2,205 added at the beginning, to be paid in 108 monthly payments of $52.83, would return just slightly less than twelve per cent per annum on the original loan of $3,500. The interest contracted for was in excess of ten per cent per annum, the legal rate at the time, and was usurious. (*Ford v. Washington National Bldg. & Loan Inv. Assn., supra.*) The court erred in entering judgment for any interest upon the balance due.

The court did not err in refusing to deduct the total of previous payments from the principal. The statute (C. S., sec. 2554) does not give the right to the second mortgagee, as such, to recover or offset previous interest payments. (*Carter v. Carusi,* 112 U. S. 478, 5 Sup. Ct. 281, 28 L. ed. 820.)

The complaint of plaintiff, while not setting forth a specific allegation of reasonable value of attorney's fees, prayed for attorney's fees in the sum of $200. At the close of the evidence, by stipulation the attorney's fees were left to be fixed by the court. The defendant mortgagors had defaulted, and the court was without authority to fix a fee greater than the relief demanded in the prayer. (C. S., sec. 6829.) It was error to fix a fee greater than $200.

The judgment is hereby modified in accordance herewith by a reduction of the items in the first paragraph thereof as

follows: By reducing the principal sum allowed to plaintiff from $3,520.31 to $3,203.63; the disallowance of any interest thereon; and the reduction of the allowance of $370 attorney's fees to the sum of $200; and, as so modified, the judgment is affirmed. Costs to appellant.

Budge, C. J., Givens and Wm. E. Lee, JJ., and Hartson, D. J., concur.