(No. 5540.   October 15, 1930.)

EZRA CORNELISON and ERSAL CORNELISON, Respondents, v. UNITED STATES BUILDING AND LOAN ASSOCIATION, a Corporation, Appellant.

[292 Pac. 243.]

H. R. Turner, for Appellant.

H. J. Swanson, for Respondents.

BUDGE, J.—Respondents brought this action to cancel a certain mortgage of record given to secure a note executed and delivered to appellant. Proper demand for the discharge of the mortgage was made and refused. The statutory penalty for refusal to cancel said mortgage, and damages, are also sought to be recovered. The cause was tried to the court. Judgment was had for respondents, from which this appeal is taken.

Briefly stated, the material facts are as follows: On November 11, 1922, respondents borrowed $3,000 from appellant and delivered to it a note and mortgage. The note provided on its face for the payment of six per cent interest and one per cent premium, and further provided that the principal, interest and premium should be paid in 108 equal monthly payments of $45.20 each, commencing December 11, 1922. The note further provided that each instalment should be applied by appellant for the payment of said principal sum of $3,000 and $1,890 interest and premium.

In respondents' complaint it is alleged among other things that appellant is a Montana corporation authorized to do business in this state and is engaged in making loans; that its note heretofore mentioned purports to carry interest not to exceed seven per cent per annum but in truth and in fact exacts practically twelve per cent per annum and is a usurious contract under the statutes of this state, and that "said contract was well and truly known to defendant to be a usurious contract at the time the same was executed." The complaint further alleges that respondents have paid said principal sum and thereby paid the note in full, are entitled to have the mortgage canceled and satisfied of record and to recover $350.72, such sum being the excess

paid over and above the principal; and the further sums of $100, the statutory penalty, and $500 damages sustained by reason of the fact that it was necessary for respondents to employ an attorney to maintain the present action.

To the complaint appellant filed an answer denying each and all of the allegations of respondents' complaint and also filed a cross-complaint for the foreclosure of the mortgage, alleging that the mortgage had not been fully paid. Respondents answered the cross-complaint and set up counterclaims seeking substantially the same relief prayed for in their original complaint. Appellant filed no demurrer to respondents' counterclaim.

Appellant specifies and relies upon eighteen assignments of error. We do not deem it necessary to discuss *seriatum* the errors assigned but shall consider only such as are deemed material to a proper decision of the questions before us.

Appellant predicates error upon the action of the court in overruling its objection to the introduction of any evidence upon the ground that the complaint does not state facts sufficient to constitute a cause of action.

An examination of the complaint discloses that it meets the objection urged by appellant, in that it is alleged therein that the contract was entered into with knowledge that the same was usurious and that usurious interest had been knowingly demanded, paid to and accepted by appellant. Furthermore, the contract sought to be enforced is shown upon its face to be usurious. (*Olson v. Caufield,* 32 Ida. 308, 313, 182 Pac. 527.) If it was conceded that the complaint was lacking in the respects pointed out by appellant, we would still be of the opinion that the court did not err in receiving evidence. In *McDougall v. Kasiska,* 48 Ida. 424, 282 Pac. 943, 946, it is held that "whenever in the process of trial, the statute meets usury, it operates automatically; and the forfeiture is complete, independent of any special pleading by the party entitled to the benefit of such forfeiture." Though the lender may not intend

to be guilty of usury, yet he is nevertheless guilty for he intends to do what he does but mistakes the law. (27 R. C. L., sec. 23, p. 222.)

■ It is conceded that the contract herein was usurious. In *United States B. & L. Assn. v. Lanzarotti*, 47 Ida. 287, 274 Pac. 630, 631, the same kind of contract was before this court and was held to be usurious. The contract was drafted by appellant or its agent, presented to and signed by respondents, and payments received thereunder. It would therefore hardly be consistent to hold upon the record before us that there was no violation of the provisions of C. S., sec. 2554, in that appellant did not knowingly receive, reserve or charge a rate of interest greater than that allowed under the provisions of said section. There is ample evidence to support the court's finding "that the defendant knowingly charged a rate of interest in excess of 10% per annum and that the contract is a usurious contract under the statutes of the State of Idaho."

■ It was stipulated during the course of the trial that respondents had made seventy-three monthly payments totaling $3,305.44; that the principal of the note was $3,000, respondents paying in excess of the principal $305.44, for which judgment was awarded. The theory of the trial court was, and we think correctly so, that all payments, whether upon principal or as usurious interest, should be deducted from the principal sum; and it was proper to make said deductions under the pleadings in this case.

■■ There is no merit in the contention that the statute of limitations barred the application of usurious interest payments in reduction of the principal. In its cross-complaint appellant set up the statute of limitations as a bar to the recovery by respondents of certain alleged interest payments. In answer to the cross-complaint respondents plead payment of the various alleged interest items. We think the rule to be well settled that the bar of the statute of limitations cannot be invoked against a plea of payment. In answering appellant's cross-complaint respondents also set out counterclaims seeking substantially the

same relief prayed for in the original complaint. Appellant filed no demurrer to the counterclaims upon the ground that the items therein sought to be recovered were barred by the statute of limitations. Failing to do so the plea of the statute of limitations is waived. (C. S., secs. 6700, 6701; *Bliss v. Sneath,* 119 Cal. 526, 51 Pac. 848; *Union Oil Co. v. Purissima Hills Oil Co.,* 181 Cal. 479, 185 Pac. 381.)

■ The contention is not tenable that the mortgagor must pay the principal and all of the usurious interest, then be required to bring separate action or actions for the recovery of the usurious interest so paid. As a matter of fact there is and was no interest due and consequently all payments made were applied upon the principal debt. So far as the application of this rule is concerned the law of this jurisdiction is the same as it was when announced in *Madsen v. Whitman,* 8 Ida. 762, 767, 71 Pac. 152, and the provisions of C. S., sec. 2554, have not modified that rule, that where the transaction was clearly usurious the so-called premium and usurious interest will be deducted from the principal. (*Cleveland v. Western Loan etc. Co.,* 7 Ida. 477, 63 Pac. 885.)

■ In *United States B. & L. Assn. v. Lanzarotti, supra,* it was held that C. S., sec. 2554, does not give the right to a second mortgagee as such to recover or offset previous interest payments. It would follow that the statute did give the right to the original mortgagor to recover or offset previous interest payments made by him.

■ Under the provisions of C. S., sec. 2554, the taking, receiving, reserving or charging a rate of interest greater than is allowed by statute, when knowingly done, constitutes a forfeiture of the entire interest. There was no lien created against which usurious interest could be satisfied. That portion of the contract providing for the payment of interest became a dead letter; it gave no rights, it fixed no liability. (*Madsen v. Whitman, supra.*)

■ It is urged the trial court erred in holding that respondents were entitled to recover $100 penalty for the

refusal upon proper notice and demand to cancel the mortgage of record. C. S., sec. 6369, provides *inter alia:*

"Any mortgagee . . . . who refuses to execute, acknowledge, and deliver to the mortgagor, the certificate of discharge, or to enter satisfaction or cause satisfaction of the mortgage to be entered, as provided in this chapter, is liable to the mortgagor or his grantee or heirs, for all damages which he or they may sustain by reason of such refusal, and shall also forfeit to him or them the sum of $100."

The principal debt having been paid it was the duty of the mortgagee to satisfy the mortgage. The statute fixes the liability for refusal so to do. (*Blackfoot State Bank v. Crisler,* 20 Ida. 379, 118 Pac. 775, and cases therein cited.)

Error is also sought to be predicated upon the action of the court in finding and concluding that respondents are entitled to recover $400 as damages. C. S., sec. 6369, *supra,* provides that any mortgagee who refuses to cause satisfaction of the mortgage to be entered when fully paid shall be liable to the mortgagor for all damages sustained by reason of such refusal. Attorney's fees incurred as the result of necessity of bringing action to compel cancelation of the mortgage are recoverable as damages. (2 Jones on Mortgages, 8th ed., p. 765, citing *Kelly v. Narregang Inv. Co.,* 41 S. D. 222, 170 N. W. 131.)

The contract was properly construed under the laws of this jurisdiction. As was said in *United States B. & L. Assn. v. Lanzarotti, supra:*

"This court stands committed to the rule that this being purely an action *in rem,* and the enforcement of the claim being only maintainable in Idaho, it cannot be contended that the intention of the parties was that the laws of Montana should obtain in the construction of the contract."

We are convinced that the judgment is correct and should be affirmed. It is so ordered; costs awarded to respondents.

Givens, C. J., and Lee, Varian and McNaughton, JJ., concur.