The bond and mortgage in this cause were executed on the 21st day of April, 1921, and after becoming due, the date of payment was, on the 4th day of May, 1929, extended to the 21st day of April, 1932. For that extension, the defendant agreed and did pay, on said date, the sum of $1,095 as a bonus. *Page 148 
Under the terms of the bond and mortgage, as extended, there became due and payable on October 21st, 1929, one-half year's interest, amounting to the sum of $1,095. Under the terms of said bond and mortgage the entire principal sum should, at the option of the mortgagee, become due and payable should any installment of interest remain unpaid for the space of thirty days after the same became due.
On October 21st, 1929, one-half year's interest fell due upon complainant's bond and mortgage and remained unpaid for more than thirty days thereafter, and the complainant has elected that the whole principal sum, with all unpaid interest, should become due.
The defendants insist that the said sum of $1,095 should be credited as payment of interest due October 21st, 1929, and such credit being made, the principal amount is not now due and the foreclosure proceedings are premature.
The only question raised, therefore, is what application should be made of the money admittedly taken as a bonus? I find no later pronouncement than Ruh v. Dwiggins, 77 N.J. Eq. 117, in which it was held that a subsequent payment of premium to secure an extension of time for the payment of a mortgage originally free from usury did not render it usurious, but the premium should be credited as a payment on the principal of the mortgage as of the time it was paid. The general rule is universally recognized that if a transaction or an obligation is free from usury in its origin, no subsequent usurious transaction respecting it can affect it with the taint of usury, the theory being that the question whether a contract is usurious or not must be decided with reference to the time when it was entered into.3 A.L.R. 874 and annotations on page 877.
It follows, therefore, that this payment should be applied to the principal sum and not as a payment of interest, and therefore interest became due on October 21st, 1929, and remained due for a space of thirty days, and by reason of the election, the entire principal sum then became due.
A decree will be advised in accordance with these views. If counsel cannot agree upon the amount due, they may make application to the court to determine the same. *Page 149