(No. 5628. April 24, 1931.)

P. C. O'MALLEY, Respondent, v. UNITED STATES BUILDING & LOAN ASSOCIATION, a Montana Corporation, Appellant.

[298 Pac. 675.]

H. R. Turner, for Appellant.

P. C. O'Malley and H. J. Swanson, for Respondent.

McNAUGHTON, J.—Prior to the 26th day of February, 1923, the plaintiff desiring funds with which to pay a mortgage on his property in Pocatello negotiated with defendant a $4,000 loan, and on said date executed and delivered the note and mortgage in question to defendant loan company and received therefor $3,910. The loan company deducted and withheld from the amount of the mortgage $90, $10 of which was to pay for examination of plaintiff's abstract of title to the property mortgaged, and $80 for membership fee imposed by the board of directors of the loan company as a requirement to making the loan. (In 1928 this requirement was incorporated in the by-laws of the corporation.)

The note and agreement, to secure which the mortgage was given, and the mortgage, in part provide:

"For value received, I, we or either of us, promise to pay, in lawful money, to the order of the United States Building & Loan Association, a Montana Corporation, at its office in Butte, Montana, the sum of Four Thousand Dollars, with interest thereon at the rate of six per cent per annum and one per cent premium per annum on the total principal sum until fully paid. Payments to be made in

108 equal monthly installments of ($60.38) each payable on the 26th day of each and every month, commencing with the month of March, 1923, each installment being a payment on the principal sum of ($4000.00) and ($2520.00) agreed interest and premium.''

It is conceded the contract would return 11 and 15/16 per cent interest on unpaid balances and is usurious.

The plaintiff paid 65 monthly instalments as and when they became due, thereupon claimed to have paid $3,924.70, which was more than the amount received on account of the loan. He refused to make further payments on the ground the contract was usurious, and demanded a release of the mortgage, but to procure release of the mortgage he claims he was required to pay $1805.25, unjustly and illegally. In this action plaintiff seeks to recover that sum and the other excess claimed in the sum of $4.70.

The trial court found the note and mortgage in question were usurious; that the interest was forfeited; that plaintiff was entitled to have all payments made on account of the note and mortgage credited on the sum actually loaned plaintiff; that by virtue of said monthly payments, amounting to $3,924.70, he paid $4.70 in excess of all indebtedness of plaintiff to defendant, and that the payment of $1805.25 for the purpose of procuring the release of said mortgage was not voluntarily made and did not constitute a settlement between the parties of the dispute which is the foundation of this cause. Judgment was for plaintiff for $1809.95. Defendant appeals the case.

It is first claimed the court erred in finding there was no voluntary compromise and settlement of the whole matter. The only evidence the defendant offered was the deposition of Mr. Taylor. He was the general manager of the loan company and knew nothing about the transaction further than that the company had received $1805.25 and had executed and recorded the release. There is evidence of a dispute between the parties as to any lawful claim of interest at the time of this payment, but no evidence of compromise and settlement of that disputed claim. Mr.

O'Malley, who was the only witness who testified at the trial, testified as follows:

"I paid sixty-five of the payments through the First National Bank of Pocatello, Idaho, and then I refused to make any further payments, and later in order to have the mortgage released I paid $1805.00 in one sum."

The payment of $1805.25 for release of the mortgage, the record shows, resulted from this situation: Plaintiff had sold this property on contract to one Hannifan. Hannifan negotiated a loan from the defendant company which was to be secured by mortgage on this same property. This money was advanced by the loan company and tendered plaintiff under a provision in the sale contract between O'Malley and Hannifan which gave the purchaser the option to pay the contract in full at any time. Upon exercising such option under the contract it became obligatory upon O'Malley to forthwith furnish an abstract showing clear title to the property in him and a deed conveying the title to the purchaser. O'Malley had begun an action to procure a release of this mortgage but was obliged to procure it at once after this tender was made, and did so by paying defendant's demand for $1805.25 with the money tendered and paid him by Hannifan. There is no evidence whatever of any agreement, stipulation or settlement concerning the claim of usury. We think the evidence amply sustains the trial court's finding there was no voluntary settlement of the dispute as to usury or right to interest between plaintiff and defendant.

■ It is next claimed plaintiff received $4,000 on the loan; that $80 of it was withheld to pay a membership fee in the loan company, and $10 to pay for examination of the abstract of title to the property mortgaged. We think the record sustains the finding that the withholding of $80 was not an independent transaction but was really a charge in addition to the interest for the use of the money loaned, and was properly treated as such. (*Madsen v. Whitman*, 8 Ida. 762, 71 Pac. 152.)

■ The other assignments relied upon have to do with the cause of action and the limitation of time in which the

proper action may be brought. This phase of the case involves a construction of C. S., sec. 2554. This section provides:

"The taking, receiving, reserving, or charging a rate of interest greater than is allowed by this chapter, when knowingly done, shall be deemed a forfeiture of the entire interest which the contract carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back the amount of the interest thus paid from the person taking or receiving the same. . . . . ''

It is claimed the first sentence quoted is wholly independent of the second; that each category provides a cause of action complete in itself, wholly unrelated to the other; that the second sentence defines the cause of action applicable where interest claimed to be usurious has been paid as in this case, and that only in case interest above ten per cent has been actually collected does such cause of action arise, and in such case the cause of action for each illegal collection is distinct and separate and the statute of limitations begins to run on each cause on the date such payment is made. The question is ably briefed and plausible argument is advanced but we think appellant's contention is restrictive of the intent of the legislature. The first sentence, it is thought, indicates the legislature's purpose in the second sentence, and requires a broader construction than appellant gives it. We think the construction of the statute heretofore given more in harmony with the intent of the legislature. This main contention is the same as that before this court in *Cornelison v. United States Bldg & Loan Assn.*, 50 Ida. 1, 292 Pac. 243.

We do not find the rule announced in the Cornelison case inconsistent with the decision or opinion in *United States Bldg. & Loan Assn. v. Lanzarotti*, 47 Ida. 287, 274 Pac. 630, and we see no reason for receding from it. The judgment is affirmed, with costs to respondent.

Lee, C. J., and Budge, Givens and Varian, JJ., concur.