This is a bill to foreclose a mortgage given by Somers S. Steelman and Cora, his wife, to William Altreuter for the sum of $7,000.
During the year 1927, said mortgage having become due, the mortgagee demanded payment thereof. Steelman negotiated with one John Spalding, requesting him to take an assignment of said mortgage. This Spalding agreed to do, provided he received a discount or allowance of ten per cent. or $700, to which Steelman agreed. The assignment was made by Altreuter to Spalding on the 20th day of October, 1927, Spalding furnishing $6,300 of the principal and Steelman $700. On that date, Steelman made a declaration of no set-off and Spalding extended the time of the payment of the mortgage for three years from October 19th, 1927. *Page 2 
The time of said extension having expired, this bill to foreclose is filed, and the question, so far as the mortgage is concerned, is the effect of the payment of the said $700 by Steelman.
The law as stated in Lillig v. McGarrity, 107 N.J. Eq. 147,
affirmed by per curiam opinion in 109 N.J. Eq. 130, is where a real estate mortgage was originally free from usury, the subsequent payment of a premium to secure an extension of time did not render it usurious, but the premium should be credited upon the principal of the mortgage as of the time it was paid. This applies to the case under consideration and a decree will be advised in accordance therewith.
A counter-claim was filed alleging the conveyance by Steelman and his wife of the premises in question, and of other premises, to his son, Cyril S. Steelman, without consideration, and praying that the said Somers S. Steelman may be declared to be the equitable owner of the mortgaged premises. Cyril S. Steelman executed certain mortgages for the benefit of his father; these facts were admitted by the Steelmans.
A decree will be advised decreeing Somers S. Steelman to be the equitable owner of the mortgaged premises.