(No. 7020.  October 14, 1942.)

STOYELL E. CHENEY and Fern CHENEY, husband and wife, Respondents, v. I. F. OVERMYER, Trustee, and BOISE G. RIGGS, Sheriff of Gem County, Idaho, Appellants.

[129 Pac. (2d) 978.]

Rehearing denied November 2, 1942.

Charles F. Reddoch for appellants.

Thomas Y. Gwilliam for respondents.

GIVENS, C. J.—April 27, 1940, respondents borrowed from appellant $65, giving, as required by appellant, their installment note, due in five months, for $85.50, bearing 8% interest per annum on delinquent deferred payments of $17.10 per month, with an acceleration clause, secured by a chattel mortgage on certain cows. By July 28, 1940, $23.10 had been paid; no further payments being made, interest on the balance of $62.40 face of the note became payable.

■ December 13, 1940, appellant by notice and sale[1] commenced foreclosure proceedings of the chattel mortgage for $62.40 and interest at 8% from June 28, 1940. Respondents sued out in district court a restraining order against said foreclosure, setting up the defense of usury and claiming the protection provided in 26-1907, I.C.A., as amended, 1933 S.L., p. 390, ch. 197, contending the difference between

---

[1] "44-1009. **Modes of foreclosure.**—Any mortgage of personal property, when the debt to secure which the mortgage was given is due, may be foreclosed by notice and sale as hereinafter provided, or it may be foreclosed by action in the district court having jurisdiction in the county in which the property is situated."

"44-1010. **Summary of foreclosure—Foreclosure by notice and sale—Affidavit.**—In proceeding to foreclose by notice and sale, the mortgagee, his agent or attorney, must make an affidavit stating the date of the mortgage, the names of the parties thereto, a full description of the property mortgaged, and the amount due thereon. Such affidavit shall be sufficient authority to demand and receive possession of the property, if the same can be taken peaceably, but if it can not be so taken, then such affidavit must be placed in the hands of the sheriff of the county or constable in the precinct where the property is located, together with a notice signed by the mortgagee, his agent or attorney, requiring such officer to take the mortgaged property into his possession and sell the same.

"Provided, however, that the mortgagee, his agent, or attorney, may elect to place said affidavit and notice in the hands of the sheriff or constable in the first instance, without first attempting to obtain peaceable possession by personal demand; and, upon said election being set forth in the affidavit aforesaid, said sheriff or constable shall immediately proceed hereunder as provided by statute for the foreclosure of chattel mortgages by notice and sale by the sheriff or constable."—Idaho Code Annotated, 1932.

the $65 and $85.50 was interest, in addition to the 8% on delinquent installments. The trial court made the injunction permanent and awarded $35.50 to respondent as the amount of the triple interest sued for, i.e., three times $25.80, or $77.40, over and above the balance of principal, $41.90, otherwise due. The appeal, admitting usury, challenges such affirmative relief and urges that respondent was obligated, before any recovery could be available, to offer to pay the balance of the principal. As to the latter contention, while there are authorities to that effect, they are not under a forfeiture statute such as ours, which obviates such offer. (*Cornelison v. United States Building & Loan Association,* 50 Ida. 1, 292 Pac. 243; *O'Malley v. United States Building & Loan Association,* 50 Ida. 583, 298 Pac. 675.) Also, such would have been, since the recovery is sustained, a useless and unnecessary proceeding; therefore, not required. (*Richards v. Jarvis,* 44 Ida. 403, 258 Pac. 370; In re Astoria Sav. Bank, 139 Ore. 573, 11 Pac. (2d) 1062; *Title & Trust Co. v. Durkheimer Inv. Co.,* 155 Ore. 427, 63 Pac. (2d) 909; *Schwarze v. Logan,* 60 Ida. 251, 90 Pac. (2d) 692.)

■ The history of our usury statute[2] clearly indicates a legislative intent and desire to strengthen it, make it more drastic against the usurer and in favor of the borrower.

---

[2] Revised Statutes, 1887.

"Sec. 1266. If it is ascertained in any suit brought on any contract, that a rate of interest has been contracted for greater than is authorized by this chapter, either directly or indirectly, in money or in property, such contract works a forfeiture of ten cents on the hundred by the year, and at that rate, upon the amount of such contract, to the School Fund of the county in which the suit is brought and the plaintiff must have judgment for the principal sum less all payments of principal or interest theretofore made and without interest or cost. The court must render judgment in said action for ten per cent per annum upon the entire principal of said contract, against the defendant in favor of the Territory for the use of the School Fund of the county, whether the unlawful interest is contested or not; and in no case where unlawful interest is contracted for, must the plaintiff have judgment for more than the principal sum less the payments already made, whether the unlawful interest be incorporated with the principal sum or not. But no indorsee in due course of negotiable paper, is affected by any usury exacted by any former holder of such paper unless he have actual notice of the usury

■ Where usurious interest has been reserved and charged, as herein admitted, three times the amount of such interest is forfeited by the lender to the borrower. This forfeiture is clearly affirmative,[3] not merely negative, hence may be offset against both principal and interest, and if more than the balance due, to give effect to such affirmative forfeiture, judgment therefor should be entered in favor of the borrower, as was correctly done herein. (*Cornelison v. United States Building & Loan Association, supra; Stinson v. Bisbee,* 55 Ida. 38, 37 Pac. (2d) 236, 102 A.L.R. 570; *New Hampshire Banking Co. v. Waller,* 5 Kans. App. 881, 47

previous to his purchase; but in no such case the judgment above provided in favor of the School Fund must be entered against the drawer or maker, if a party to the action, and he may recover back the usury paid from the party who received the same."

1919 Session Laws, Chapter 114, Sec. 3.

"Section 1540. Usury.—The taking, receiving, reserving, or charging a rate of interest greater than is allowed by this Chapter, when knowingly done, shall be deemed a forfeiture of the entire interest which the contract carries with it, or which has been agreed to be paid thereon. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back, the amount of interest thus paid from the person taking or receiving the same. No indorsee in due course of negotiable paper is affected by any usury exacted by any former holder of such paper unless he have actual notice of the usury previous to his purchase."

1933 Session Laws, Chapter 197, Sec. 3.

"Section 26-1907. Usury.—The taking, receiving, reserving, or charging a rate of interest greater than is allowed by this chapter, when knowingly done, shall be deemed a forfeiture by the person so taking, receiving, reserving or charging to the benefit of the person paying or being charged, of the entire interest which the contract carries with it or which has been agreed to be paid thereon, plus twice the amount of such interest. In case the greater rate of interest has been paid, the person by whom it has been paid, or his legal representatives, may recover back the amount of the interest thus paid from the person taking or receiving the same, plus twice the amount of such interest in addition. No indorsee in due course of negotiable paper is affected by any usury exacted by any former holder of such paper unless he have actual notice of the usury previous to his purchase."

[3] Citizens' Nat. Bank v. Donnell, 172 Mo. 384, 72 S.W. 925; Western Gas Const. Co. v. Dowagiac Gas & Fuel Co., 146 Mich. 119, 109 N.W. 29.

Pac. 543; *Vose v. U. S. Cities Corporation,* 152 Okla. 295, 7 Pac. (2d) 132; *Yonack v. Emery,* (Tex.) 13 S.W. (2d) 667, 70 A.L.R. 684; *Manning v. Christian,* 124 Tex. 517, 81 S.W. (2d) 54.)

The trial court found:

"That the defendant commenced a proceeding to foreclose said chattel mortgage, by notice and sale on December 10, 1940, and the interest on the total amount of said note from date of delinquency to date of foreclosure was $5.30, which amount added to the excess amount contained in said note over the amount borrowed, made a total of $25.80 charged as interest."

The note provided:

"With interest on past due installments at the rate of 8% per annum until paid; interest to be paid monthly and should any installment or interest be not so paid as herein provided, the whole sum of both principal and interest to become immediately due and collectible at the option of the holder hereof."

The delinquencies were as follows: June 28, $14.10; July 28, $14.10; August 28, $17.10; September 28, $17.10. Interest at 8% on each of such delinquencies to December 10, amounts to $1.56; this amount added to the amount of interest called for in the note over the amount borrowed, makes a total of $22.06. Three times this amount, $66.18, less the balance of principal, $41.90, leaves a balance of $24.28 due the respondents by appellant, for which respondents are entitled to judgment.

The judgment thus modified is affirmed. Costs to respondent.

Budge, Morgan, Holden, and Ailshie, JJ., concur.