**Sophy WHITMAN, Appellant,**

v.

**Eva Ruth GREEN, Administratrix of the Estate of Walter Frank Green, Deceased, etc., Appellee.**

**No. 17003.**

United States Court of Appeals
Ninth Circuit.

March 28, 1961.

———◆———

Cornelius & Cornelius, Spokane, Wash., and Richards, Haga & Eberle, Boise, Idaho, for appellant.

Stephen Bistline, Sandpoint, Idaho, for appellee.

Before HAMLEY, HAMLIN and MERRILL, Circuit Judges.

MERRILL, Circuit Judge.

This diversity action places in issue the proper construction of Idaho's conflict of laws rule with regard to usury.

Appellant brought suit for judgment upon a promissory note and for foreclosure of a mortgage given as security. The district court ruled, on summary judgment, that under Idaho law the note calling for interest at the rate of twelve per cent per annum was usurious, with the result that twice the total amount of interest was forfeited. In this case a principal balance in the sum of $3,900 was found due. From this twice the amount of interest, or $2,267.06, was deducted and judgment was rendered in favor of the plaintiff in the sum of $1,632.94.

The plaintiff has taken this appeal, asserting that judgment in her favor was inadequate. She contends that Washington rather than Idaho law applies. Twelve per cent interest is legal in the State of Washington. The question for our determination therefore is whether the district court was in error in holding that the Idaho rule on conflict of laws under the facts of this case holds the local law of Idaho rather than that of Washington to be controlling.

Appellant resides in Washington. A mortgage broker approached her on behalf of appellee, a resident of Idaho, seeking a loan of $4,000 and offering interest at the rate of twelve per cent per annum, secured by a mortgage on Idaho realty. Appellant agreed. The note and mortgage were prepared by Washington counsel, who were selected by the mortgage broker, acted on behalf of both parties, and whose fees were paid by appellee. The broker took the documents to Idaho, where they were executed by appellee. The broker then brought the executed documents back to Washington, where they were delivered to appellant. The $4,000 was given to the broker in Washington. The note was made payable in Washington. The broker's compensation was paid by appellee. It is clear that he was throughout acting as her agent rather than as appellant's.

There can be little doubt but that under the weight of authority the law of Washington would be held to control in determining whether the transaction was usurious. See annotation, 125 A.L.R. 487. Appellee contends and the district court ruled that Idaho law departs from the general rule in those cases where the note is secured by a mortgage on Idaho property and where enforcement must therefore be had in Idaho by an in rem action of foreclosure. In this respect appellee relies upon the rule as stated in United States Building & Loan Association v. Lanzarotti, 1929, 47 Idaho 287, 274 P. 630, 631–632:

> "This court stands committed to the rule that 'this being purely an action in rem, and the enforcement of the claim being only maintainable in Idaho', it cannot 'be contended that the intention of the parties was that the laws of' Montana 'should obtain in the construction of the contract'. Vermont Loan & Trust Co. v. Hoffman, 5 Idaho, 376(392), 49 P. 314, 95 Am.St.Rep. 186, 37 L.R.A. 509. See, also, Fidelity Savings Ass'n v. Shea, 6 Idaho, 405, 55 P. 1022."

This language was subsequently quoted and the rule followed in Cornelison v. United States Building & Loan Association, 1930, 50 Idaho 1, 292 P. 243, 246.

To ascertain whether under Idaho law this rule applies to the case at bar, we must go back in history.

The conflict of laws question first arose in Idaho in respect to usury in the case of Winters v. Swift, 1884, 2 Idaho 61, 3 P. 15. The facts were substantially identical with those at bar. The Idaho borrower, through an agent, sought out a lender in Utah. The transaction was completed in Utah and the note was payable there. The only foreign contact beyond those that we have in this case was in the fact that the mortgage was executed in Utah by the agent under power of attorney. Utah law was held to apply and the transaction was held not usurious. This case has never been expressly overruled. Unless we can find it to have been overruled by implication it is controlling here.

The ancestor of the rule stated in the Lanzarotti and Cornelison cases is Vermont Loan & Trust Company v. Hoffman, 1897, supra. Here we have a foreign corporation engaged in Idaho in the business of lending money and attempting to avoid the local law of usury by providing that the law of Vermont shall govern its transactions. The Supreme Court of Idaho stated:

> "The proposition simply states this: A foreign corporation, having a resident agent in this state, engaged in the business of loaning money upon interest, may avoid the laws of this state in regard to such business, and especially in regard to usury, by simply making the evidences of indebtedness payable in some other state, where the laws against usury are less onerous. The monstrosity of the proposition is too apparent to require comment * * ." [5 Idaho 376, 49 P. 319].

The court thus emphasized as significant the attempt by a company to evade Idaho law while engaged in doing business within the state. The opinion contained other language, however:

> "This being purely an action in rem, and the enforcement of the claim being only maintainable in Idaho, how can it be contended that the intention of the parties was that the laws of Vermont should obtain in the construction of the contract?"

The Idaho Supreme Court in Zimmerman vs. Brown, 1917, 30 Idaho 640, 166 P. 924, subsequently cast light on the Vermont Loan opinion as to the true basis for the decision in that case. This was a case of an unsecured note. The case was not distinguished from Vermont Loan upon the ground that it had no in rem aspect, however. The court stated, 166 P. 924, 925:

> "This case is distinguishable from that of Vermont Loan & Trust Co. v.

568

Hoffman, * * * cited by appellant, by the fact that it was held, in the latter case, that the provision in the note specifying the place of payment without the state of Idaho was made to evade our usury laws."

With reference to the note in question, the court stated:

"* * * since there is neither allegation nor proof of bad faith or of an effort to evade the usury laws of this state, the note is not to be deemed usurious."

Zimmerman was followed and Vermont Loan distinguished in the same manner in Utah State Bank v. Stringer, 1927, 44 Idaho 599, 258 P. 522, which also dealt with an unsecured note.

The first secured note case to follow Vermont Loan was Fidelity Savings Association v. Shea, 1899, supra. Here the emphasis is squarely laid upon evasion of the local law relating to usury. The court stated, 55 P. 1022, 1025:

"If the appellant desires the contract in question enforced under and by the provisions of the statutes of Colorado, it must proceed to do so in Colorado. That stipulation in the contract relating to the Colorado statutes is not binding upon the respondents, nor upon the state, nor upon the courts of this state. If this was an action in personam, the rule might be different. But, to foreclose the mortgage in question, resort must be had to the courts of this state. Inserting the provision in the contract that the contract should be construed by the statutes of Colorado is mere subterfuge, resorted to for the purpose of evading

and defeating the usury laws of this state, and such as this court will not enforce, it being contrary to public policy. When parties come into this state, whether artificial or natural persons, and loan money to a citizen of this state upon real-estate security situated here, they must expect to have the validity of the contract determined by the laws of this state. See Vermont Loan & Trust Co. v. Hoffman (decided by this court) 49 Pac. 314."

It was upon Vermont Loan and Shea that the Idaho Supreme Court relied in announcing the rule in Lanzarotti upon which appellee relies. Both the Lanzarotti and Cornelison cases, supra, dealt with loan companies engaged in business in Idaho.

Under these circumstances, we feel that the Lanzarotti rule must be read to apply to those cases involving the doing of business within the State of Idaho and a purpose to evade the usury laws of that state. In the case at bar the lender did not seek out the borrower in the State of Idaho, nor sit in wait for him in that state. Rather, the borrower sought out the lender in the State of Washington. We cannot say that Winters v. Swift, supra, has been impliedly overruled in cases of this sort. Accordingly, we hold that case to be controlling under the circumstances before us.

The district court was then in error in holding Idaho rather than Washington local law to apply to the transaction at bar and to render the transaction usurious.

Reversed and remanded with instructions that summary judgment be set aside and for further proceedings.